## JEAN FALCON v. GEORGE BOUCHERVILLE.

Where the consideration of a mortgage is not stated in the act, and the mortgagor pleads a failure of consideration, parol evidence is admissible to prove the nature of the consideration and its failure.

Plaintiff mortgaged a slave to defendant, an attorney, to secure the payment of three hundred dollars, in consideration of his paying a debt of eight or ten dollars due by the former to a third person, and conducting a suit for him for the recovery of a tract of land. Defendant paid the debt, but took no steps towards instituting the suit. On an application to enjoin an order of seizure and sale obtained by the latter, injunction perpetuated, on the ground that the payment from the smallness and uncertainty of its amount, the principal part of the consideration having failed, would not authorize the resort to an order of seizure and sale, reserving to defendant his right to recover back the amount paid by him.

APPEAL from the District Court of Lafourche Interior, *Nicholls*, J.

*Isley*, for the plaintiff.

*Boucherville, pro se,* argued: 1, That an authentic act is full proof of itself, and that no parol evidence can be admitted against or beyond what it contains. Civ. Code, 2233, 2256. 4 Toullier, pp. 303, 307. 16 La. 130. 2, That where a mortgage is executed to recover the payment of a certain sum acknowledged by it to be due, no evidence can be adduced to prove a failure of consideration. 18 La. 69. 3, That where part of the consideration of a mortgage fails, the mortgage subsists for the security of the remainder.

MARTIN, J. The defendant is appellant from a judgment perpetuating an injunction obtained to stay proceedings on an order of seizure and sale which he had procured, the judgment having been rendered on the ground of the absence of any consideration to support the defendant's claim to the mortgage he sought to enforce. The authentic act, from which the confession of judgment is said to result, expresses only that the mortgagor has declared that he owes the mortgagee the sum of three hundred dollars, without stating the nature of the debt, or the consideration from which it arises. The plaintiff alleges, that the real consideration of the debt of $300 mentioned in the authentic act, was the payment by the mortgagee of a judgment which Foley had obtained against the mortgagor for ninety six dollars, interest, and costs, and a compensation to the mortgagee for his services in a suit, which he was to carry on for the mortgagor, in order to recover a tract of land. That the mortgagee has utterly neglected and refused to pay the said judgment, so obtained by Foley against the defendant, or to institute the suit aforesaid; whereby the consideration of the debt of $300, for which the mortgage was given, has entirely failed. Our attention is first drawn to a bill of exceptions taken by the defendant to the admission of parol evidence, to establish the nature of the consideration of the debt and its failure. It does not appear to us that the court erred. The plaintiff relied on the failure of the consideration, and as this consideration was not stated in the act, it became necessary to establish it by testimony, in order to prove its failure.

On the merits, the record shows that the plaintiff was in no way indebted to the defendant at the date of the authentic act, and that the sum of $300 therein mentioned was principally the compen-

sation the defendant was to receive for his services, in a suit to be instituted for the recovery of a tract of land claimed by the plaintiff, which suit the defendant utterly neglected to bring. It does not appear that the defendant bound himself personally to pay the judgment obtained by Foley against the present plaintiff, but that he engaged to discharge it from the proceeds of the sale of the mortgaged slave. This judgment has however been paid without the aid of the present defendant. It is in evidence that the latter has paid to one Birdsall a small sum of money, the precise amount of which is not shown, but it is sworn not to have exceeded ten dollars.

The district judge has reserved to the defendant his right to claim the last mentioned sum, which, from its smallness and indefiniteness, he has thought useless otherwise to notice, having concluded that it alone could not justify a resort to an order of seizure and sale. It does not appear to us that he erred.

*Judgment affirmed.*