## No. 3370.

### EDWARD T. DENECHAUD *v.* JEAN TRISCONI.

The defendant clearly had no right to make material alterations in the leased premises without express permission. The injunction he appeals from did not restrain him from the exercise of any of the privileges and facilities he was entitled to by the terms of the lease.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J.* *Wooldridge & Thomas*, for plaintiff and appellee. *Hornor & Benedict*, for defendant and appellant.

TALIAFERRO, J. The defendant appeals from a judgment perpetuating an injunction.

In October, 1869, the plaintiff being the lessee of the Washington Hotel at Milneburg, on Lake Pontchartrain, sublet to the defendant, for the term of two years, to commence on the first day of January then next ensuing (1870), "the lower part of the Washington Hotel, comprising the bar room, saloon and appurtenances, cellar and sleeping room attached thereto," etc. It appears that it had been usual

with prior sub-tenants leasing the bar room and saloon on the base-ment story of the building to set out during the warm season, in the yard and garden around the hotel, tables with the usual refreshments required by visitors at that time of the year, and that this privilege was considered to be an appendage or appurtenance of the bar room. Much is said on the part of the defendant about an infringement of this privilege by the plaintiff. This privilege or right is not accorded to the defendant by the lease, but he was not prohibited from the exer-cise of it by the injunction taken out against him by the plaintiff. The grounds on which the injunction was taken out were these: The Pontchartrain Railroad Company, who own the hotel and adjoining grounds, erected within a short distance of the hotel a pavilion for public resort, where visitors were furnished refreshments, music and amusements of various kinds. This building was completed and opened to the public on the first of June, 1870. It was leased to the plaintiff. A fence separated it from the hotel. The intervening space between the pavilion and the hotel had formed part of the lake, and was cov-ered with water previous to its being filled up by the company. The true bone of contention between these litigants seems to have been in regard to obtaining custom to their respective establishments, the plaintiff desiring to have things so arranged that persons coming from the pavilion to the hotel would necessarily pass to his restaurant on the second story, while the defendant desired an arrangement that would bring them to his saloon on the basement.

The plaintiff, it seems, closed the gate letting through the fence on the way from the hotel to the pavilion, and made another gate within a short distance, and through which the pathway led more directly to the stairway leading up into the restaurant. The main purpose of the injunction, it seems, was to prevent the defendant from reopening a gate through the fence at the place the plaintiff had closed the former one. At a point less directly between the pavilion and the hotel, the defendant did of his own accord open a gate through the fence, and this gate was not closed, although the injunction restrained the defend-ant "from making any further alterations in the premises known as the Washington Hotel," and ordered him "to forthwith place the premises in the condition they were at the time he leased the same from the plaintiff."

The defendant clearly had no right to make material alterations in the leased premises without express permission. The injunction did not restrain him from the exercise of any of the privileges and facili-ties he was entitled to by the terms of the lease. His right to set tables in the yard or garden of the hotel was not interfered with. The

pavilion was not built at the time the contract of lease took place between the parties, and none of the advantages that might accrue from it to either were in their contemplation when their contract was entered into.

We think the judgment of the court below should remain unchanged.

Judgment affirmed.

Rehearing refused.