## No. 9862

### NEW ORLEANS AND CARROLLTON RAILROAD COMPANY VS. DANIEL DARMS.

When a lease is silent as to the use which is to be made of the leased premises, it does not follow that the lessee may make what use of them he pleases; but he is still bound to enjoy the thing "according to the use for which it was intended by the lease." C. C. 2710.

In ascertaining the use so intended, resort is to be had to surrounding circumstances, such as the nature and situation of the premises, the use to which they had been previously applied, the occupation and character of the person applying for the lease, etc.

In aid of such circumstances, parol evidence may also be received to show that during the negotiations the lessee had been expressly notified that a particular use, foreign to the destination of the premises, would not be permitted. Such evidence does not violate the general rule prohibiting parol to vary or contradict a written contract, but falls under the exception admitting parol in order to ascertain the nature and qualities of the subject matter of the contract. Under the facts of this case, an injunction to prohibit the establishment of a bar-room on the premises leased is perpetuated.

No injury having resulted to the lessor and his right to dissolution under C. C. 2711 being not absolute, but subject to judicial discretion, the dissolution of the lease is denied.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot,* J.

*John M. Bonner* for Plaintiff and Appellant.

*Leonard, Marks & Bruenn* for Defendant and Appellee.

---

The opinion of the Court was delivered by

FENNER, J. This action invokes the remedy of injunction to prevent the improper use of property leased by plaintiff to defendant, and seeks to annul the lease on the ground of such improper use.

The use complained of is the establishment of a bar-room, or coffee-house, and of a gaming-house.

The evidence clearly establishes that, some months after taking possession of the leased premises, the defendant did fit up and open a

Railroad Company vs. Darms.

public bar-room for the sale of spirituous drinks, with a room attached provided with card-tables, where visitors played cards for drinks.

Art. 2710, Civil Code, provides : " The lessee is bound :

" 1.   To enjoy the thing leased as a good administrator, *according to the use for which it was intended by the lease.*

" 2.   To pay the rent at the terms agreed on."

It is not necessary that the use, according to which the thing is to be enjoyed, should be expressed in the lease; nor does it follow, if the lessee is silent as to the use, that the lessee may make of the thing leased any use which he pleases.

On the contrary, this Court used the following language in a case of this sort : " The lease is silent as to the destination or object to which the building was to be affected.  The inference is that the parties intended that it should be used for one of the purposes to which it had previously been put, etc.; the question of destination is to be determined according to surrounding circumstances."   Murrell vs. Jackson, 33 Ann. 1342.

In an earlier case, the Court said : " The evidence establishes that the plaintiff's right of action was well founded ; that the store rented to defendant was never intended by plaintiff to be used as a kitchen ; that no such use was in contemplation at the time the lease was contracted," etc.   Caffin vs. Scott, 7 Rob. 205.

We quote these decisions to show that, notwithstanding some difference between the language of our article and that of the corresponding Article 1728 of the French Code, they have been construed as substantially identical in meaning, and hence that the French authorities are fully applicable.

Those authorities are quite unanimous in support of the doctrine announced by Marcadé, in the following language : " The destination of the thing will be sometimes fixed by the agreement ; but often the contract will be silent in this respect, and it is then, by the situation of the place, by the use to which the thing had been previously put, and by the character under which the lessee presents himself, that the destination shall be gathered.   That destination, in whatever manner it shall appear, the lessee is bound to respect.  Thus, not only shall the lessee, in default of an express stipulation, not be permitted to establish, in a private dwelling, a house of prostitution, or a gambling house ; but he cannot transform a private apartment into a restaurant, a coffee-house, a club, nor a private house into an inn or a hotel."   6 Marcade, p. 459 ; 3 Delvincourt, p. 192 ; 17 Duranton, No. 98 ; Duvergier Louage, No. 396 ; Troplong Louage, No. 308 ; 25 Laurent, No. 257.

It is held that the establishment of a house of prostitution, or of a gaming-house, would, in no case, be sustained, unless the lessor had positive knowledge that such was the use for which the lessee rented the premises. Duvergier, No. 402; Troplong, No. 302.

In a lease which authorized the lessee to sub-lease "*a qui bon lui semblera ou lui plaira*," it was still held that he could not sub-lease to one who would use the thing in a manner contrary to its destination. Pothier (Louage), No. 281; Troplong (Louage), No. 1276; Duvergier (Louage), No. 391.

Now, in the instant case, the evidence shows that the building leased was contiguous to the depot and stables of plaintiff at the corner of Napoleon and St. Charles avenues, and was built to serve as a boarding-house and lodging-house for drivers and other employees; that it had been used to some extent for that purpose, and had never been otherwise used except, partially, as business offices; that plaintiff had received numerous offers to rent it as a bar-room or coffee-house at much higher rent than was paid by defendant, but had always refused; that no bar-room or other place for sale of spirituous liquors had ever been permitted; that defendant, prior to the lease, had kept a private market not far from this place, in which business he had been engaged for many years, and that he had never kept a bar-room or coffee-house; that, when he applied to rent the place, he asked permission to open a private market there, which was at first refused and only granted after discussion and intervention of friends; that for the first three months of the lease he used the house simply for the purposes of a private market and for offices and lodgings, and that it was only after that time that he indicated his purpose of opening the bar-room; and finally, that as soon as plaintiff heard of such purpose, it promptly protested against and prohibited it.

The foregoing surrounding circumstances would be amply sufficient to establish that the opening of a bar-room in the house was contrary to "the use for which it was intended by the lease."

But in addition thereto, the plaintiff offered evidence to prove that during the negotiations for the lease, defendant was expressly notified that, under no circumstances, would the selling of spirituous liquors be permitted on the premises.

This evidence was rejected on the ground that parol evidence was inadmissible to contradict or vary a written contract.

We think the ruling was error, and that the evidence fell within the familiar exception to the general rule which admits parol in order to ascertain the nature and qualities of the subject-matter of the contract,

Railroad Company vs. Darms.

*e. g.*, to identify, or define the extent of, the premises leased or sold, when not sufficiently described in the written contract and the like. 1 Greenleaf on Ev., §§ 286, 298a; Sergeant vs. Adams, 3 Gray, 72; Falcon vs. Boucherville, 1 Rob. 337; Moore vs. Hampton, 3 Ann. 193; D'Aquin vs. Barbour, 4 Ann. 441; Corbett vs. Costello, 8 Ann. 427; McLeroy vs. Duckworth, 13 Ann. 410.

In this case, the use of the premises is the cause or consideration of the contract; and we have shown that, in the silence of the contract as to the nature and kind of use contemplated between the parties, resort must be had to parol evidence of the surrounding circumstances to ascertain the intentions and define the rights of the parties. No circumstance could be of so much significance as the express notice given to the lessee that a certain use, foreign to the destination of the premises, would not be allowed.

The evidence is found in the record, and, although perhaps unnecessary to our decision, we may give it effect and it confirms the conclusion arrived at.

### I.

Plaintiff claims a dissolution of the lease under Art. 2711 of the Code, which provides: "If the lessee makes another use of the thing than that for which it was intended, and if any loss is thereby sustained by the lessor, the latter may obtain the dissolution of the lease."

In this case, the improper use was stopped by the injunction almost as soon as it had begun, and the lessor has suffered no loss.

Under the similar Art. 1729 of the French Code, it is held that the right to dissolution for this cause is not absolute, but is left to the discretion of the courts, according to the circumstances. Troplong (Louage), No. 316; Duvergier (Louage), No. 107.

We think, in this case, the right of plaintiff will be sufficiently vindicated by perpetuating the injunction, without dissolving the lease, which runs for five years.

It is, therefore, ordered, adjudged and decreed that the verdict and judgment appealed from be annulled and set aside; and that there be judgment in favor of plaintiff and against defendant perpetuating the injunction granted herein, and rejecting the reconventional demand of defendant—defendant to pay all costs in the lower court and of this appeal.