## ROSENFIELD DRY GOODS CO., Limited, v. HANDELMAN.

### No. 14223.

Court of Appeal of Louisiana. Orleans.

May 8, 1933.

Lazarus, Weil & Lazarus, of New Orleans, for appellant.

Weiss, Yarrut & Stich, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit on a written contract of lease dated March 15, 1926, to recover the sum of $514.72, representing the balance alleged to be due between the amount of rent paid and the minimum guaranteed amount of rental, for the period from March 20, 1927, to September 19, 1927. The defendant admits an indebtedness for the period from September 1 to September 19, 1927, of $116.69, which was tendered to the plaintiff, but denies liability for any additional sum under the minimum amount clause of the lease on the ground that it was canceled by mutual consent of the parties on September 19, 1927, on which date the defendant vacated the premises.

There was judgment in favor of the plaintiff for the sum of $116.69, without interest, the plaintiff being condemned to pay the costs of court, and it has appealed.

The relevant part of the lease reads as follows: "The lease is made and accepted for the period beginning March 15th, 1926, and ending October 31st, 1929, and in consideration of the said lease the said lessee binds and obligates himself to pay to the said lessor five per cent of the amount of all sales made by him or the Handelman Chain Stores in the business conducted in the said leased premises, payable monthly on the 15th of each month, the first payment being due and payable April 15th, 1926. It is understood and agreed, however, that the minimum amount to be paid the said lessor for each year is the sum of Three Thousand ($3,000.00)

Dollars, settlement to be made at the end of each twelve months to cover the deficiency, if any, for the said preceding twelve months period. There shall likewise be a settlement at the end of this lease, and should the amount paid by lessee to lessor during the period from March 15th, 1929, to October 31st, 1929, not average $250.00 a month, then lessee shall pay lessor a sufficient amount to total an average of $250.00 a month."

The case was tried under an agreed statement of facts to the effect that from the beginning of the lease the defendant paid a monthly rental equivalent to 5 per cent. of the gross sales and on March 20, 1927, remitted to the plaintiff the amount by which the minimum guarantee stipulated in the lease exceeded the monthly payments made by him; that some time prior to September 19, 1927, an agreement was reached between the plaintiff and the defendant by which the lease would terminate on September 19; 1927, on which date the defendant would vacate the premises; that defendant made remittances to the plaintiff representing 5 per cent. of the gross sales made by him in the leased premises from March 20, 1927, to September 1, 1927; that after the termination of the lease by mutual consent the defendant tendered a check to plaintiff for $116.69, representing 5 per cent. of the gross sales made by him from September 1, 1927, to September 19, 1927; and that the plaintiff refused to accept the tender in full settlement of the balance due under the lease, claiming that it was entitled to the difference between the amount thus far paid by the defendant for the period from March 20, 1927, to September 19, 1927, and the minimum rental guaranteed by defendant under the terms of the lease, or $250 a month from March 20, 1927, to September 19, 1927. It is also agreed that at the time of the cancellation of the lease by mutual consent nothing was said by either party as to whether the minimum rent guarantee provision of the lease would be applicable to the period from March 20, 1927, to September 19, 1927.

Counsel for plaintiff calls our attention to the last sentence of the above-quoted part of the lease and contends that it was not the intention of the parties to restrict the application of that provision only to a settlement at the expiration of the lease as originally fixed, but that it appears clearly to be the intention of the parties that that general language shall equally apply to the settlement at the expiration or termination of the lease at any time, whether by its terms, by default, or by mutual consent. Counsel for defendant argues that the clause relied upon shows unequivocally that it was to apply only to a settlement at the expiration of the lease as originally fixed therein.

As the lease was to run for 3 years and 7½ months, the language of the first quoted portion having fixed the settlement on a yearly basis, it is quite obvious that it was necessary for the parties to make some provision with reference to the 7½-month period, or the latter part of the lease with reference to the settlement under the minimum guarantee provision, and, therefore, the last sentence of the part of the lease above quoted was inserted therein. We note that there is no language which would indicate that the parties anticipated that the lease would end by default, or by cancellation. The words are "there shall likewise be a settlement at the end of this lease." If this language stood alone, the plaintiff's argument that it is a general stipulation might be plausible and logical, but there follows other language which limits the application of the foregoing words to the period from March 15, 1929, to October 31, 1929. Surely, then, the language itself shows that the parties had in' contemplation, in writing those words, the expiration of the lease as therein specified and not the expiration of the lease through cancellation.

Furthermore, the parties terminated the lease after it had run from March 15, 1926, to September 19, 1927. On September 19, 1927, the plaintiff could not demand the yearly settlement to cover any deficiency between the amount of 5 per cent. of the gross sales and the minimum amount of rent guaranteed. The provision of the lease fixed that time as of March 15, 1928. If the lease had not been canceled on September 19, 1927, the defendant would not have owed the plaintiff a penny more than 5 per cent. of the amount of the sales up to that date. The plaintiff certainly could not have demanded $250 a month up to then. Can it be said that, when the original lease was entered into, it was the intention of the parties to agree that, in the event of the cancellation of the lease before the expiration of the time provided therein, the date for the settlement on a $3,000 a year basis would thereby be accelerated from March 15, 1928, to the date of the cancellation? We believe not.

In the absence of an agreement between the parties at the time of the cancellation of the lease that the minimum guarantee provision thereof would apply to the then expired portion of the lease, we are of the opinion the plaintiff cannot invoke that clause of the lease.

In any event, as the plaintiff wrote the lease, if there is any uncertainty or ambiguity, the doubt must be resolved in favor of the defendant, the lessee.

For the reasons assigned the judgment is affirmed.

Affirmed.