## MARTIN v. MARTIN.

### No. 1846.

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

René H. Himel, of Franklin, for appellant.

Pecot & Bauer, of Franklin, for appellee.

LeBLANC, Judge.

On November 6, 1936, the plaintiff herein, Mrs. Rose Martin, entered into a contract of lease executed before L. O. Pecot, notary public, with Sidney J. Martin, the defendant, under the terms of which she rented to him a certain piece of commercial property situated at Verdunville, in the parish of St. Mary. The contract did not stipulate the consideration but it is admitted that the same was fixed and paid at the sum of $40 per month.

The contract contained the following stipulations regarding the lessee's right of renewing the lease:

"This lease is made for the term and period of one (1) year from this date, ending with the day of November 6, 1937. The privilege is granted by the Lessor to Lessee of leasing the above described premises for an additional two (2) year period from November 6, 1937, upon the same terms and conditions and for the same consideration as herein set forth.

\* \* \* \* \* \*

"In the event the Lessee should decide not to exercise the privilege of renewing this lease, he agrees to give to the Lessor thirty (30) days written notice before the expiration of the same."

The lessee gave no notice of any kind to the lessor and continued to occupy the premises. On November 16, 1937, the lessor, through her attorney, wrote him offering to release the property to him but at an increase in the rental price of $20 per month. To this letter, the lessee, through his attorneys, replied immediately, advising that whilst he did not deem it necessary, he would be agreeable to signing a new lease at any time, but on the same terms and conditions as contained in the present lease, which he contended was still in existence and was valid for a period of two years from November 6, 1937. Following an exchange of further correspondence plaintiff instituted the present ejectment proceeding and obtained an order from the district judge for a rule on the defendant to show cause why he should not be condemned to vacate the premises.

The defendant filed an exception of no cause and no right of action and by consent the same was referred to the merits. Answer was then filed in which the issue presented was simply the one of renewal of the lease vel non under the two clauses of the contract herein quoted in full.

Upon trial in the district court there was judgment in favor of the defendant and against plaintiff recalling and setting aside the rule, and plaintiff appealed.

There was oral testimony adduced at the trial of the rule but it added nothing to the

facts necessary to a decision of the question presented as already stated, as the decision of that question rests entirely on the interpretation that is to be given to the two stipulations in the contract regarding renewal of the lease.

The contention of the plaintiff is that in order for the defendant to have availed himself of the privilege of renewal granted to him under the first of the two clauses quoted herein it was necessary for him to give her a notice of his intention to do so within the term of the lease, that is, before November 6, 1937, and that, by his failure to have done so, the lease automatically expired on that date. The defendant's contention on the other hand is that the provision of the second quoted clause dispensed with the necessity of such notice and that his very failure to give any notice at all operated as an exercise of the privilege to renew.

Plaintiff is right in maintaining the proposition with regard to contracts of lease, that a privilege granted in such a contract for an extension or renewal forms a substantial part of the agreement and is purely executory, and that, with regard to the usual and simple clause which grants such privilege, it is necessary, in order to have it enforced, that notice of intention on the part of the party seeking its enforcement be given within the duration of the contract. This is not a disputed proposition; defendant's only contention here being, as already stated, that the requirement of notice in the contract under consideration was waived by the clause regulating the manner of exercising the privilege of renewal.

When read in connection with each other, it seems apparent to us that the only obligation undertaken by the lessee with regard to renewing the contract was that he would give the lessor 30 days written notice, only in the event he decided not to renew. Whilst under the law, without the second clause, he would have been required to give notice, in this contract the parties stipulated between themselves that he was required to give it only in case he decided not to exercise his privilege of releasing. In other words, by their contract, the parties modified the law in this certain respect and made a new law unto themselves regulating the manner in which notice was to be given. It is useless, we think, to have to cite authority to the effect that as parties bind themselves in their written agreements, so shall they stand bound. The manner of exercising the option to renew the lease, as stipulated in the clause, was rather simple. If lessee decided not to exercise it, he was to give 30 days' notice, and it follows as a corollary that, if he gave no notice, he had decided to renew.

But, the plaintiff contends that, even in face of the clause regulating the manner of exercising the privilege if he intended to renew, lessee was still obligated under the law to give notice. To give such meaning to the clause would practically be to delete it from the contract entirely, and this in effect is what the plaintiff would have the court to do, as, she contends that it amounts to nothing more or less than a mere courtesy which the lessee intended to extend to her by letting her know 30 days in advance that he did not intend to renew the lease. We do not know of any authority on which a court can disregard a stipulation found in a written contract on the ground that it is a mere form of courtesy. Contracts are written and signed by parties for the purpose of evidencing their serious and solemn obligations toward each other. Whilst it is considered very proper that they should be prepared and written in courteous and polite language, we doubt very seriously that it ever happens that a whole clause is devoted merely to an expression of courtesy. In our opinion, the clause here under consideration had a very serious and definite purpose. The lessor wanted to know 30 days in advance of the expiration of the lease if the lessee would exercise the privilege which she had accorded him of renewing the lease, for if he did not she would have that period of time in which to secure a new tenant or make arrangements to take over the property herself in case she had to do so. The stipulation was clearly one for her benefit. If the lessee did not give the notice, the only implication could be that he had agreed to the renewal and she need have no further worry about her property remaining vacant.

We believe ours to be a proper interpretation of the clause under consideration and one on which the decision can rest. However, there is another principle of law governing contracts of lease, which we think furnishes added support for the judgment in favor of the defendant in this case. That is, that in construing provisions relating to renewals, where there is any ambiguity or uncertainty, it is the lessee and not the lessor who is to be favored, because the lessor, having the power of stipulating in his own favor, has neglected to do so. R.C.L. vol. 16, p. 884; Landlord and Tenant, § 388.

This principle of law is recognized by the Supreme Court of our state as appears in a syllabus in the case of Murrell v. Lion, 30 La.Ann. 255. For our part we do not find anything ambiguous in the provision relating to a renewal of the lease in the contract now before us, but conceding there was some uncertainty about it, applying the principle of law just mentioned, we would have to resolve the doubt or uncertainty in favor of lessee, the defendant herein, and hold that he had exercised the privilege of renewing, and that he had a valid and binding contract of lease under the same terms and conditions as originally agreed to for the period of two years commencing from November 6, 1937.

As we are of the opinion that the issue presented is properly disposed of by the judgment appealed from, the judgment is affirmed at the cost of the appellant.