PONDER, Justice.
 

 The plaintiffs, Mrs. Ethel Woulfe Reilley and others, leased to P. J. Kroll and the Southport Petroleum Company, the defendants, a gas filling station located at the corner of Canal and South Broad streets on a lot of ground measuring 60 feet front on Canal Street by a depth of 90 feet fronting on South Broad Street for a period beginning April 1, 1939, and ending March 31, 1944, at- a monthly rental of $200. It is stipulated in the lease that the lessees are to make no alterations, additions, or improvements, on the premises and that the lessees are to remove any and all signs painted or placed upon the premises before leaving at thé expiration of the lease. There is a rider attached to the lease which
 
 *793
 
 provides that the occupant of the adjoining premises on South Broad Street is to have the right to use the space immediately adjoining him as a driveway for ingress and egress to the rear of his premises. On or about October 25, 1939, the defendants began building a sign, billboard, or poster, which might be termed an advertising sign, measuring 18 by 24 feet, in close proximity to the adjoining premises on South Broad Street and extending within a few inches of the sidewalk. At the place the sign was being erected the ground was covered with concrete pavement. Holes were dug in the concrete pavement and some three or four tall posts were erected in these holes extending up above the gutters around the roof of the adjoining premises on South Broad Street. The sign was being built about 4% feet above the ground across the tall posts, extending upwards 18 feet. It was 24 feet wide.
 

 The plaintiffs instituted these proceedings seeking to enjoin the defendants from erecting this sign on the ground that it was a violation of the terms of the lease and the further ground that the sign will hide the side of the building on the adjoining premises which the plaintiffs had previously leased to the General Outdoor Advertising Company, Inc., for advertising purposes. In defense to the suit, the defendants take the position that they are given the right in the lease to place the sign on the leased premises, that the sign does not interfere with the right of ingress and egress of the adjoining tenant, and that it is necessarily contemplated and understood that advertising signs are a necessary adjunct to the operation of a gas filling station. Upon these issues the case was tried and the lower court granted the plaintiffs a preliminary injunction enjoining the defendants from erecting the sign. The defendants have appealed.
 

 Article 2710, Section 1, R.C.C., provides:
 

 “The lessee is bound * * * to enjoy the thing leased as a good administrator, according to the use for which it was intended by the lease.”
 

 In the case of Caffin v. Scott, 7 Rob. 205, the tenant leased a building for the purpose of conducting a store and used it as a kitchen. The court granted a rescission of the lease and an injunction to protect the lessor’s rights and property on the grounds that such use was not in the contemplation of the parties at the time the lease was contracted.
 

 In the case of Kunemann v. Boisse, 19 La.Ann. 26, involving a lease wherein it was stipulated that the lessee was to make no alterations to the'leased premises without the consent of the lessor, the lessee attempted to erect a partition across the hall of the leased building that could readily be removed without injury to the building. The lease was rescinded on the ground that an express clause of the lease had been violated. It was stated in effect therein that the lessor had the right to restrict the use and enjoyment of his property and a stipulation to that effect became the law of the parties.
 

 In the case of Denechaud v. Trisconi, 26 La.Ann. 402, an injunction was granted restraining a lessee from making an alter
 
 *795
 
 ation to the leased premises by changing a gate in the fence to another point in the ■fence. It was held that the lessee had no right to make such alteration without the expressed permission of the lessor.
 

 In the case of Balser v. Shreveport Oil Company, 163 La. 1008, 113 So. 356, the lease contained a stipulation that the lessee was to make no alterations to the premises. The lessee was enjoined from changing the location of columns supporting the roof of the leased premises.
 

 The record shows the gas filling station had been leased to another party prior to its lease to the defendants and that the defendants acquired the prior lease by purchase and assignment. At the time that the defendants acquired the prior lease by assignment there was no sign post or advertising sign at the place where the present sign is being erected. This is relevant to show the use intended, according to the contemplation of the parties at the time the present lease was entered into. The surrounding circumstances such as the nature and situation of the premises and its previous use may be taken into consideration in order to determine the use intended. New Orleans & Carrollton R. Co. v. Darms, 39 La.Ann. 766, 2 So. 230. Under the circumstances of this case the parties did not contemplate, at the time the lease was executed, that a sign of this nature would be erected on the premises. In fact such a use of the premises was not intended.
 

 The defendants contend that the plaintiffs are not entitled to injunctive relief for the reason that the alleged injuries are compensable in money and are not such as would cause irreparable injury. The defendants cite a number of cases touching injunctive relief involving issues different from those presented in this case, which in our opinion are not applicable.
 

 The defendants contend that the placing of the sign on the leased premises is not an alteration, addition, or improvement prohibited under the leased contract. In support of this contention the defendants cite cases from other States. The rights of a landlord and tenant must be governed solely by the laws of this State for the reason that the rules governing the rights of landlord and tenant under the civil law are radically different from those under the common law.
 

 The defendants contend that since the lease provides for the use of the premises as a gasoline and service station it implies the right to build signs on the premises to advertise that business. The defendants argue that all stipulations of the lease must be given effect in the light of circumstances existing at the time of negotiations leading up to the execution of the lease. We have previously discussed the circumstances leading up to the execution of the lease and arrived at the conclusion that the evidence shows the defendants were aware of the fact the premises had not been used by the prior lessee in the manner the defendants are now attempting to use.it. .
 

 For the reasons assigned, the judgment is affirmed at appellants’ cost.
 

 O’NIELL, C. J., does not take part.