## BOH v. PAN AMERICAN PETROLEUM CORPORATION.

### No. 10024.

Circuit Court of Appeals, Fifth Circuit.

June 16, 1942.

Rehearing Denied July 20, 1942.

Chas. F. Fletchinger, of New Orleans, La., for appellant.

Eugene D. Saunders and Herman M. Baginsky, both of New Orleans, La., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment dismissing appellant's petition for a decree enjoining the Pan American Petroleum Corporation from using certain premises, leased by it from the appellant, for commercial advertising. Appellant contends that the property was leased for the erection and operation of a filling station only; that the use of the property for purposes of commercial advertising violates the terms of the lease contract; and that the equitable relief of injunction is the only plain, adequate, and complete remedy available to him.

The lease contract related to property in New Orleans, Louisiana, and was entered into on November 2, 1939. By its terms the lessee was granted the privilege of using the leased premises "for the purpose of operating thereon a gasoline service station and for the sale of tires, tubes, batteries and automobile accessories, and any other incidental commercial activity." The two basic questions for our decision are (1) whether or not the use upon the leased premises of a large billboard to advertise merchandise having no relationship whatever to the business of operating a filling station was an incidental commercial activity within the meaning of the contract; and (2) if such advertising was not an incidental commercial activity, whether such use of the premises violated the contract in the absence of an express covenant against it.

In our opinion, the use of the premises to advertise products wholly alien to the business conducted by the appellant was not an activity incidental to the operation of a filling station. If the parties had intended that the grant should be so

865

broad, their purpose could have been easily accomplished by omitting the word *incidental*. Its inclusion as a descriptive adjective of limitation forcefully indicates that the parties intended to include only such commercial activities as are ordinarily connected with or related to the principal purpose of operating a gasoline service station.[1]

In determining whether the lessee had the right to use the premises for commercial advertising, since that use was not expressly prohibited by the lease, it may be conceded that in most jurisdictions the tenant has the right to carry on any lawful business not expressly prohibited by the lease and not injurious to the premises;[2] but this rule has no application in cases where a statute has prescribed a different rule.[3] The question here is controlled by the law of Louisiana, in which state a lessee is bound by statute to enjoy the thing leased as a good administrator and according to the use for which it was intended by the parties to the contract.[4] The circumstances surrounding the execution of the lease may be looked to in order to determine the use contemplated, and the intention of the parties is controlling.[5] In this case it appears that the lessor was assured by the lessee that no advertising would be permitted on the leased premises, as it cheapened the property, and that the parties contemplated only the construction of such improvements as were made upon other similar properties upon which no commercial advertising appeared. For these reasons we think appellee was not authorized to use the premises for commercial advertising, and that by so doing it violated the terms of the lease agreement.

It is a proper and historic function of courts of equity to prevent by injunction the violation of negative covenants contained in leases, thereby indirectly enforcing specific performance of the contract for the benefit of the lessor.

Such equitable relief is available to restrain a lessee that is limited to a particular use of the demised premises from using the property for any other purpose.[6] Therefore, the judgment appealed from is reversed, and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

---

[1] Cf. Reilley v. Kroll, 197 La. 790, 2 So.2d 214.

[2] Thompson on Real Property, Vol. 3, § 1318; Tiffany's Landlord & Tenant, Vol. 1, § 123 (e).

[3] Isom v. Rex Crude Oil Co., 147 Cal. 659, 82 P. 317. Cf. Cordeviolle et al. v. Redon, 4 La.Ann. 40; Henderson v. A. Meyers & Bro., 45 La.Ann. 791, 13 So. 191. Thompson on Real Property, Vol. 3, § 1319.

[4] Art. 2710, subd. 1, of the Revised Civil Code of Louisiana.

[5] New Orleans & Carrollton Ry. Co. v. Darms, 39 La.Ann. 766, 2 So. 230; Reilley v. Kroll, 197 La. 790; 2 So.2d 214.

[6] Ferris v. American Brew. Co., 155 Ind. 539, 58 N.E. 701, 52 L.R.A. 305; Joseph Schlitz Brew. Co. v. Nielsen, 77 Neb. 868, 110 N.W. 746, 8 L.R.A.,N.S., 494; High on Injunctions, Sections 1142, 1143.