McBRIDE, Judge.
This appeal involves a landlord’s rule against his tenant for possession of the leased premises, brought under the provisions of R.S. § 2155, as amended by Act No. 200 of 1936, § 1, Dart’s Gen.Stat. 6597.
Plaintiff-appellee leased to defendant-appellant the restaurant located at 2108 Canal Street, fully equipped, for a period of twelve months commencing September 24, 1947. The written contract specified that the premises “are to be used only for commercial purposes.” Defendant reserved the option to renew the lease to July 23, 1950.
On May 11, 1948, plaintiff caused to be served upon the tenant a notice to vacate at the expiration of the then current rental month. According to the notice, the landlord desired possession of the premises because of a “breach of written lease, using premises as a dwelling place and for purposes other than commercial.”
The present suit ensued when defendant failed to comply with the landlord’s demand for removal. The rule alleges that the lease has been breached in that defendant converted a portion of the premises into a dwelling, resulting in the occurrence of certain enumerated incidents which created “considerable disturbance * * * causing complaints to be made to petitioner” by the neighbors.
Defendant denied there had been any breach of the lease, and averred that she had no knowledge of the things complained of, but that she remedied them as soon as she received information thereof.
The court a quo made plaintiff’s rule absolute and condemned the defendant to vacate without delay and deliver posses *459 sion to plaintiff. Defendant has prosecuted this appeal.
Defendant’s counsel made objection to the admission of any evidence to sustain the allegations of the rule, the objection being grounded upon the contention that the rule disclosed no cause or right of action. The objection, which was overruled by the trial judge, is reurged before us. Counsel contends that in the notice to vacate the landlord assigned certain specific reasons why he was desirous of ousting the tenant, whereas in the rule additional reasons are alleged, and that the additional reasons are not susceptible of proof. In other words, counsel makes the point that grounds for eviction alleged in the rule must conform strictly to those mentioned in the notice to vacate.
Plaintiff’s attorney counters with the argument that no vacate notice at all was necessary, in view of the following provision of the lease contract:
“ * * * And should the Lessee in any way violate any of the conditions of this lease, the Lessor hereby expressly reserves to himself the right of cancelling said lease without putting the Lessee in default; the Lessee hereby assenting thereto, and expressly waiving the legal notice to vacate the premises.”
Whether a tenant may waive, in the lease contract, the formal notice to vacate required by R.S. § 2155 is a doubtful quegtion (see Reichelt v. St. Vincent De Paul Cemetery Ass’n, 10 Orleans App. 100), which we deem unnecessary to resolve, because we are of the opinion that the case can be disposed of upon the evidence contained in the record, even assuming, but, however, not deciding, that the court below erred in admitting it.
Arbo, the plaintiff had no personal knowledge of any of the occurrences alleged in his rule, and frankly admitted that his allegations were.based solely upon information received from neighbors residing in the vicinity of the restaurant.
The witnesses for plaintiff testified that defendant’s brother had been sleeping in the storeroom in the rear of the restaurant, and that on several occasions disturbances occurred. On one occasion a crowd of persons congregated in the restaurant and amused themselves by operating a music box in a loud manner. On another occasion the occupants of the living quarters above the restaurant noticed in the yard a partly burned mattress and certain bed clothing which had been thrown from one of the restaurant windows.
Another complaint is that early one morning the negro cook employed at the restaurant beat noisily upon the side of the premises in order to awaken defendant’s brother. On two occasions, in the early hours of the morning, a woman knocked loudly upon the wall and defendant’s brother admitted her to the storeroom where she remained with him.
The record would seem to indicate that Rhinehart, one of the dwellers living above the restaurant, and who, with his wife, testified for plaintiff, is the owner of the premises, and that he leased the same to Arbo, who rented them to defendant under the lease under consideration. We gather that Arbo has no particular interest in the present suit, but that Rhinehart is the prime mover in the attempt to have Mrs. Jankowski ejected. Rhinehart operates a barber shop in a portion of the premises.
Rhinehart admitted that when he leased the restaurant to Arbo there was a cot located in the storeroom; the cot was still there when the restaurant was leased to Mrs. Jankowski. Defendant testified that when she confected the lease with Arbo she asked for and obtained his permission to allow someone to sleep on the place. Arbo at first did not remember that conversation, but later in his testimony denied it ever took place. However, he later changed his position by reiterating that he did not remember any conversation with Mrs. Jankowski regarding the use of the cot. This vacillating testimony of Arbo does not impress us, and we believe that credence should be given to the statements of Mrs. Jankowski to the effect that Arbo had no objection to his tenant permitting someone to sleep in the storeroom. We notice also that Arbo stated it was his understanding that defendant’s brother and his wife were making use of the storeroom as a bedroom, and, “Well, I didn’t think there would be any harm in anybody sleep *460 ing in the place. I was told no different when I got the place from Mr. Rhinehart.”'
The rule does not allege, nor does the evidence show, that any loss or damage accrued to Arbo, or that his rights have been in any manner jeopardized. We believe he consented that someone might sleep in the storeroom, and insofar as the nocturnal visits and the other incidents complained of are concerned, we fail to see how they could have caused any loss or damage to the plaintiff. Since the inception of the lease the defendant has continuously operated a restaurant in the premises. The hours of operation are from about six o’clock in the morning until about nine at night, and the place is open every day. Mrs. Jankowski testified that upon receiving complaints from Rhinehart she took steps to remedy conditions, and at the present time the premises are used solely for commercial purposes.
Even if it be assumed that there was a technical violation of the lease contract, we are unwilling to hold that it was of such magnitude as would warrant a dissolution of the lease and the destruction of defendant’s business.
Under the provisions of art. 2710, R.C.C., the lessee is bound to enjoy the thing leased as a good administrator and according to the use for which it was intended by the lease. However, in order for a lessor to abrogate the lease upon the ground that other uses have been made of the premises, he must show that he has sustained a loss.
Article 2711, R.C.C., in part, reads as follows:
“If the lessee makes another use of the thing than that for which it was intended, and if any loss is thereby sustained by the lessor, the latter may obtain the dissolution of the lease.”
It is well settled that the abrogation of leases is not encouraged by the law, and a landlord is entitled to a dissolution of the lease only when his right- thereto is clear beyond a doubt both of fact and of law. Pumila v. Johnstone, 10 La.App. 126, 121 So. 198; Purnell v. Dugue, 14 La.App. 137, 129 So. 178; Rosenthal v. Prutsman, No. 8392 of our docket, Opinion Book 59, see Louisiana & Southern Digest (certio-rari denied by Supreme Court).
Furthermore, the power of a landlord to dissolve a lease because the tenant has put the premises to other uses than those intended or specified in the lease is not at all absolute; this is a matter resting entirely within the discretion of the court. New Orleans & Carrollton R. Co. v. Darms, 39 La.Ann. 766, 2 So. 230; Rosenthal v. Prutsman, supra.
The judgment appealed from is clearly erroneous and it is, therefore, reversed, and plaintiff’s rule for possession is dismissed at his cost.
Reversed.