138 So.2d 609 (1962)
Joseph RUFFINO, Jr.
v.
Frank S. RUFFINO.
No. 315.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1962.
Weldon A. Cousins, New Orleans, for plaintiff-appellant.
A. R. Occhipinti, of Occhipinti, Hennessey, Occhipinti & Philips, New Orleans, for defendant-appellee.
Before McBRIDE, YARRUT and SAMUEL, JJ.
YARRUT, Judge.
Plaintiff appeals from the dismissal of his summary rule for dissolution of the written lease between him, as lessor, and Defendant, as lessee, and for the ejectment of Defendant from the leased premises, 626 St. Philip St., in New Orleans, leased for use as a bar and lounge. The basis of the demand is a two-fold violation of the terms of the lease, to-wit:
1. Defendant made alterations without first having obtained the written consent of Plaintiff, as required by the lease; and
2. Defendant pled guilty to a criminal bill of information that he wilfully and unlawfully possessed cigarettes without attaching *610 revenue stamps provided by law, and paid a fine of $50.00.
Regarding the first alleged violation, the evidence is to the effect that Plaintiff permitted the alterations, then complained that Defendant failed to make certain corrections which Plaintiff refused to permit by denying Defendant access to the part of the premises involved. This violation clearly was not proved. Any fault was due to Plaintiff.
Regarding the second violation, the lease reads: "Lessee is obligated not to use the premises for any purpose that is unlawful, and the violation of any law by Lessee shall be a justifiable cause for cancellation of this lease by Lessor, at his option."
Defendant admitted that he pled guilty to possession and offering for sale of untaxed tobacco on the premises and paid a fine of $50.00 for a misdemeanor, as defined by LSA-R.S. 47:859(9), Tobacco Tax Law, viz.:
"For any retail dealer to have in possession in any place of business any of the articles herein taxed, unless the same shall have the proper stamps attached."
There is no evidence of any similar violation before or since the violation to which Defendant pled guilty as above recited.
The lease is indefinite as to whether one or a series of violations was intended. There is no statute that subjects any premises where such violations take place to padlocking. Plaintiff has not shown any legal or material damage to the leased premises because of this single misdemeanor.
Prohibition against unlawful use of premises, unless expressly stipulated otherwise, means a series of regular violations, not a single violation such as we have here. 32 Am.Jur. 731, § 864, Verbo "Landlord and Tenant"; 51 C.J.S., Verbo Landlord and Tenant § 106, p. 686; 145 A.L.R. 1063.
Where a lease is indefinite in its penal or forfeiture provisions, they are construed against the lessor. Boh v. Pan-American Petroleum Corp., 5 Cir., 128 F. 2d 864; Arbo v. Jankowski, La.App., 39 So.2d 458; Ferguson v. Smill, La.App., 183 So. 600; Martin v. Martin, La.App., 181 So. 63; Rosenfield Dry Goods Co. v. Handelman, La.App., 148 So. 71; Pumillia v. Johnstone, 10 La.App. 126, 121 So. 198.
Forfeiture of lease is not favored, and is strictly construed. Arbo v. Jankowski, La.App., 39 So.2d 458; Pumillia v. Johnstone, 10 La.App. 126, 121 So. 198.
For the reasons assigned the judgment of the district court is affirmed; Plaintiff to pay costs in both courts.
Affirmed.