PRICE, Judge.
Plaintiffs have appealed from a judgment by the district court refusing to dissolve a gravel lease for nonpayment of delay rentals as required by the terms of the lease agreement.
On August 27, 1968, L. F. Pace leased approximately one thousand forty six acres of land in Webster Parish to defendant, L. I. Davis, “for the purpose of producing, mining and marketing sand, gravel, re-mix, pit run and wash gravel * * * ” This agreement provided the lessee was to pay fifteen cents per cubic yard for materials removed from the property, or, when the land was not being mined, $500 annually as delay rentals, due on the anniversary date of the lease.
In the event of default in payment by the lessee, the agreement stipulated:
“In the event of failure of Lessee to make any payments when due provided herein, this Lease shall not thereby become null and void unless Lessor shall have notified Lessee by registered mail, return receipt requested, allowing Lessee ten (10) days from the date of the delivery of said notice within which to remedy the default and to make said payment and Lessee fails to make said payment.”
Approximately six months after entering into the above lease, Pace, the lessor, transferred 190 acres of the 1,046 acre tract subject to the lease to W. E. Dietrich, James M. Bryant and Cecil P. Campbell. By letter dated March 5, 1969, these vendees notified Davis, the lessee, of their acquisition.
On September 3, 1969, not having received the delay rentals due under the lease agreement on its anniversary date (August 27, 1969), Campbell forwarded the following letter by ordinary mail to the lessee advising him of cancellation of the lease:
“Dear Mr. Davis:
The gravel lease which you entered into with Mr. L. F. Pace on August 27, 1968, covering the lands in Sections 16 and 17 that Mr. W. E. Dietrich, Mr. J. M. Bryant and I subsequently purchased provides that so long as the property is not being mined for gravel, you, as lessee, pay delay rentals of $500.00 each year on the anniversary date of the lease to keep the lease in effect.
Since these delay rentals were not timely paid, the gravel lease has now terminated and accordingly, it is requested that you return our key to the gates that you have in your possession.
With best wishes and kindest regards,
Yours very truly,
Cecil P. Campbell”
On January 15, 1970, Dietrich, Bryant and Campbell filed a petition for declaratory judgment recognizing the termination of the gravel lease for noncompliance with the terms of the lease contract (failure to pay delay rentals on its anniversary date). From a judgment rendered by the district court on October 21, 1970 in favor of the defendant, plaintiffs have perfected this devolutive appeal.
As guidelines in resolving the issue before us, we note the following:
Louisiana Civil Code Article 1901, in part, provides:
“Agreements legally entered into have the effect of laws on those who have formed them.”
*712 Article 1945 specifies:
“Art. 1945. Interpretation according to intent of the parties
Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:
First — That no general or special legislative act can be so construed as to avoid or modify a legal contract previously made;
Second — That courts are bound to give legal effect to all such contracts according to the true intent of all the parties;
Third — That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences;
Fourth — That it is the common intent of the parties — -that is, the intention of all — that is to be sought for; if there was a difference in this intent, there was no common consent and, consequently, no contract.”
The Supreme Court in Davis v. Laster, 242 La. 735, 138 So.2d 558, 564 (1962) declared:
“Courts do not attribute a different meaning to a contract than that which the parties have expressed.”
In Ruffino v. Ruffino, 138 So.2d 609, 610 (La.App. 2d Cir. 1962), the court reiterated the following principle:
“Forfeiture of lease is not favored, and is strictly construed. Arbo v. Jankowski, La.App., 39 So.2d 458; Pumillia v. Johnstone, 10 La.App. 126, 121 So. 198.”
With these principles in mind, we now turn to the merits of this appeal.
The correspondence forwarded by the lessors demands neither cancellation nor payment — rather it refers to a lease which has already expired as a result of a failure by the lessee to perform on the date specified therein.
Clearly, the gravel lease did not automatically terminate when the lessee failed to pay delay rentals on the anniversary date of the lease. The same contract which specified delay rentals should be remitted on the anniversary date of the lease also set forth the steps to be taken upon default in their payment. Thus the primary issue both in the lower court and on appeal is whether the letter forwarded by appellants to the lessee substantially complied with that part of the lease agreement requiring prior to cancellation a formal demand for payment via registered letter (return receipt requested) allowing ten days after receipt for performance.
We do not interpret the letter written by Campbell to the lessee a demand for payment as contractually specified by the parties to .the lease. If anything, this letter constitutes a demand for dissolution, not a demand for payment.
The parties to this lease have agreed upon and expressed therein their respective rights and duties, and this court should not alter the intent of the clear provisions of their written agreement. Since the lessor has failed to comply with the terms of the lease by demanding payment in the manner specified in the contract of lease, this action for a declaratory judgment recognizing the resolution of the lease with the passage of its anniversary date without payment of delay rentals, is premature.
Accordingly, the judgment of the district court is affirmed, with costs of this appeal to be assessed against appellants.