MARVIN, Judge.
Lessee’s assignors, as plaintiffs, appeal from a rejection of their demands for a declaratory judgment of a restrictive use provision in a 1967 lease in a Monroe shopping center. We affirm a judgment upholding this restrictive use provision in the lease:
“It is understood, and the Tenant so agrees, that the leased premises, during the term hereof, shall be used and occupied by the Tenant only for the purpose of: operating a nationally franchised ‘Shakey’s Pizza Parlor’ and for no other purpose or purposes.” Emphasis supplied.
Lessee lost its Shakey’s franchise in 1979 when it failed to pay franchise royalties. The nominal plaintiffs, Gates and Smith, hereafter called lessee, then bought the stock of lessee and began operating the restaurant under the name, Rocky’s Pizza and Game Room. When the lessor learned of this development, lessor inquired if lessee was operating as “Rocky’s”. Lessee confirmed that it was using the premises as “Rocky’s” and not as “Shakey’s”. The lessor then informed the lessee that the Sha-key’s franchise was very important to the lessor’s development of the shopping center. Citing the use provision of the lease, the lessor further informed lessee’s representative that the operation of “Rocky’s” constituted a default of the lease agreement and that if such default was not corrected within the 30-day cure provision of the lease, legal action would follow. Shortly thereafter (but more than 30 days after the letter) plaintiff ceased operations under the name of “Rocky’s” and filed this suit for declaratory judgment.
The defendant lessor reconvened and sought cancellation of the lease, alleging the violation of the use provision. The trial court correctly found no ambiguity in the use restriction and held the lessee to the restrictive use. Dissolution of the lease was denied, however, because the contrary use as “Rocky’s” had terminated before the case was tried. Only the lessee appeals.
Relying on cases arising under CC 2711, the lessee contends that the lessor is required to show that it will suffer a loss *1298 because of the operation of the business under a name other than Shakey’s in order to enforce the use restriction. The cases cited by lessee, however, do not stand for the proposition that a tenant may continue to use leased premises in violation of use restrictions in the lease.[1] These cases indicate that the dissolution of the lease may be too drastic a remedy where no loss is suffered by the lessor. The lessor here has not appealed and does not seek a dissolution of the lease, but is apparently satisfied with the result below which impliedly, if not expressly, upholds the use restriction and the obligation of the lessee to pay rent.
Our examination of CC 2711, in the light of CC 2710, convinces us that lessee’s argument, that the lessor is required to show a loss before lessor can enforce the use restriction, is without merit. CC 2711 reads:
“If the lessee makes another use of the thing than that for which it was intended, and if any loss is thereby sustained by * the lessor, the latter may obtain the dissolution of the lease.
“The lessee, in that case, shall be bound to pay the rent, until the thing is again leased out; and the lessee is also liable for all the losses which the owner may have sustained through his misconduct.”
The explanatory note of the asterisk reads:
“ *Note error in English translation of French text; ‘and if any loss is thereby sustained by’ should be ‘or a use which may cause damage to.’ ”
The clear language of CC 2711 requires a showing of loss or damage only where the lessor seeks to . obtain the dissolution of the lease.” As we have noted, the lessor here has abandoned its efforts to dissolve the lease. CC 2710, the general and the governing article, binds the lessee to
“. .. enjoy the thing leased as a good administrator according to the use for which it was intended by the lease [and] ... to pay the rent at the terms agreed on.” Emphasis supplied.
The unequivocal language of the use provision allows only the operation of a nationally franchised Shakey’s ■Pizza Parlor and no other. ■ The loss of the Shakey’s franchise was not caused by the franchisor, but by the lessee-franchisee’s voluntary neglect or refusal to pay the franchise fees. Under these circumstances, there is no merit in the equitable arguments of lessee that value of the Shakey’s name has recently declined and that it is unreasonable to restrict lessee’s use to a Shakey’s Pizza Parlor because of economic detriment and because the lease contemplates that lessee might operate under a different trade name. The provisions in the lease supporting lessee’s equitable arguments, more importantly, require that any other use or change of name *1299 be with the express consent of the lessor. Being the law between these parties, and no consent being alleged or shown to change the restrictive provision of the lease, the provision will be upheld. CC 1901; Louisiana Nat. Leasing v. Family Pools, Inc., 345 So.2d 480 (La.1977). The trial court did not err.
At appellants’ cost, judgment is AFFIRMED.

. These cases are:
Wilson v. Cost + Plus of Vivian, Inc., 375 So.2d 683 (La.App. 2d Cir. 1979)
Illinois Cent. R. Co. v. International Harvester, 368 So.2d 1009 (La.1979)
Riverside Realty Co. v. National Food Stores of La., Inc., 174 So.2d 229 (La.App. 4th Cir. 1965)
Arbo v. Jankowski, 39 So.2d 458 (La.App. 1949)
Boh v. Pan American Petroleum Corporation, 128 F.2d 864 (5th Cir. 1942)
Selber Bros., Inc. v. Newstadt’s Shoe Stores, 194 La. 654, 194 So. 479 (1940)
New Orleans & C. R. Co. v. Darms, 39 La. Ann. 766, 2 So. 230 (1887)
These cases are inapposite to the proposition that a lessee may continue use of a premises in violation of the lease. For example, in the leading case of New Orleans & Carrolton R. Co. v. Darms, the lessor was denied dissolution of a lease because of a use violation but was granted an injunction to prohibit lessee from continuing the use violations. An injunction likewise issued in Boh to compel the lessee to comply with the use provision in the lease. In the recent Illinois Cent. R. Co. v. International Harvester, supra, the court more recently indicated in dicta that a mere use violation under 2711 might call for a lesser remedy than cancellation:
“If unauthorized use of the premises were the only bases for the dissolution proven in the instant case we might agree that a less drastic remedy would be more appropriate.”
An injunction, as in Darms and Boh, would be less drastic than dissolution. The case of Riverside Realty Co., supra, did not involve dissolution or the right to operate in violation of a use provision in the lease. Wilson v. Cost + Plus of Vivian, Inc., supra, concerned not a use provision, but whether or not there was an implied obligation of continuous use on the part of the lessee.