SAVOIE, Judge.
Defendant-lessee appeals his eviction from the leased property for breach of contract.
Plaintiff leased defendant certain property to conduct operations necessary for the mining and removing of marketable gravel, sand and sand-clay-gravel from the premises. This lease expressly prohibited defendant from using the leased premises for the transportation of any products from any land other than the leased property.[1] Further, it provided that plaintiff could terminate the contract without previous putting in default if defendant failed to comply with the terms and conditions of the lease.[2]
Subsequently, plaintiff notified defendant, by registered letter, that the lease was terminated due to defendant’s breach of certain lease provisions.[3] Thereafter, a notice to vacate the premises was given to defendant. Defendant failed to comply therewith, and this lawsuit ensued.
The trial court determined that the defendant breached his contract in several respects, to-wit: (1) by dumping construction debris on the leased premises; (2) by non-payment of royalty payments; and (3) for providing insufficient accounting records to plaintiff. Accordingly, the trial court held that the lease was terminated thereby and granted plaintiff’s rule for eviction.
Defendant appeals, claiming the trial court erred in finding that the contract was breached for any of the aforementioned reasons. Further, he complains that the trial court failed to construe the lease provisions against the lessor as required by law.
LEASE CONSTRUCTION
It is well settled in Louisiana that any ambiguity in a. contract of lease will be construed against the lessor, since he had the power of stipulating in his own favor and neglected to do so. Martin v. Martin, 181 So. 63 (La.App. 1st Cir.1938); see also Tullier v. Tanson Enterprises, Inc., 367 So.2d 773 (La.1979). Therefore, any ambiguities in this lease should be interpreted against the plaintiff-lessor.
We note that the questioned ambiguity deals with the lease provision concerning royalty payments. However, we pretermit any discussions of whether the contract was breached for nonpayment of royalty payments or for insufficient accounting records. We do this because we agree with the trial court’s conclusion that defendant breached the lease by dumping construction debris on the leased premises.
*822 BREACH OF CONTRACT
Defendant contends the trial court erred in concluding the contract was breached by his placing construction materials on the leased premises when there was no showing of any loss to plaintiff resulting therefrom.
An established law in Louisiana is that a lessee may not use the leased premises for a purpose inconsistent with that contemplated by the parties at the time they confected the lease. Tullier, supra; and Planiol, Civil Law Treatise, Vol. 2, No. 1691 (LSLA Translation, 1959).
The instant lease was confected for the operation of mining and removing marketable gravel, sand and sand-elay-gravel from the leased premises. Further, it prohibited the use of the leased premises for the transportation of any product from any land other than said premises.[4]
It is undisputed that the defendant transported construction debris from other land onto the leased property and dumped it there. We agree with the trial court that this conduct resulted in a breach of the lease provisions.
The lessor and lessee have the right to contractually provide for dissolution of the lease in the event either party violates the terms thereof. La.C.C. art. 2729. Unlike the right to dissolve a lease for use of the premises for an unintended purpose under La.C.C. art. 2711, art. 2729 does not require a showing of actual damage. Accordingly, our courts have fully enforced the lessor’s right to dissolve the lease for actions prohibited by the contract of lease. Illinois Central Gulf Railroad Company v. International Harvester Company, 368 So.2d 1009 (La.1979), rehearing denied, April 9, 1979.
For the foregoing reasons, the judgment of the trial court is affirmed. Defendant is to pay all costs.
AFFIRMED.

. The pertinent language of the lease is as follows:
[[Image here]]
“The lessee, its agents, employees and assigns shall not use the leased premises for the transportation of any products of any kind from any land other than the leased premises described herein.”

. The pertinent language of the lease is as follows:
[[Image here]]
“That if during the term of this lease lessee should become bankrupt or cause any unreasonable delay, neglect or fail in any way to follow the terms and conditions of saidlease [sic] or to comply with any part thereof, then the lessor shall have the right and power, without any previous putting in default, to enter upon and take possession of the premises and may at once terminate this contract.”

. Plaintiffs letter stated that defendant breached the lease in the following particulars:
“1. The lease to you Was non-assignable and it has come to Mr. Bunch’s attention that a company known as B & B Gravel, Inc. is operating on his property;
“2. You have operated under the lease in such a manner so as to damage existing fences and have operated illegally within the bounds of the campsite;
“3. Mr. Bunch believes that you have failed to keep proper records in accordance with the rules and regulations of the severance tax division and otherwise have failed to comply with the severance tax laws;
“4. Mr. Bunch was not paid for the months of July, August, and September nor was any type of accounting or itemization of the number of yards of sand and gravel provided to Mr. Bunch;
“5. You have transported and deposited on Mr. Bunch’s land, refuse, debris and/or garbage;
“6. You have failed to supply originals or copies of trip tickets on sand and gravel shipments.”

. Id., footnote 1.