GREEN McLEROY *v.* DUCKWORTH AND OVERBY.

Parol evidence is admissible to explain the nature of the sale of improvements upon land sold, and their location, extent and value, when there is ambiguity in the act of sale with regard to them.

Where a person in selling a tract of land sells also his " entire interest" in all improvements upon public land adjacent to said tract, he makes to his vendee only a *quit claim* of his interest in said improvements.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *McGuire & Ray*, for plaintiff. *Ludeling* and *Newton & Hall*, for defendant and appellant.

COLE, J. This action is based upon two promissory notes, payable to plaintiff, their payment is resisted for failure of consideration.

Defendants allege they were given as a part of the price of a tract of land, known as the John B. Eddin's head right, and *the improvement on public land* adjacent to the same, upon which improvement there was a gin-house and mill, and about seventy acres of cleared land in cultivation ; that this improvement was represented by the plaintiff to be upon public land belonging to the general government ; that the expectation of entering the land upon which the improvement had been made materially influenced them to purchase the head-right ; but, after the sale, it

was ascertained that the improvement was the private property of the heirs of *Hempkin*, who acquired a title thereto from a confirmation by Act of Congress.

Defendants further aver, they have been evicted of the improvement in the suit of *Hempkin's heirs*, which was instituted against them, and that respondents have thus been prevented from entering the same.

This case was tried three times; two juries could not agree, but the third rendered a verdict for plaintiff, and from the judgment thereon defendants have appealed.

The deed is as follows :

"STATE OF LOUISIANA, PARISH OF MOREHOUSE. .

Know all men by these presents, that I, *Green McLeroy*, of Claiborne parish, Louisiana, do this day bargain, sell and confirm all my right, title and interest to the following tract or parcel of land, to wit : known as the John B. Eddin's confirmation and more particularly known as the Britton place, lying and being on the west side of Bayou Bartholomew, in the parish of Morehouse, and State aforesaid ; also, their entire interest to all improvements on public lands adjacent to the same, unto *E. D. Duckworth* and *E. P. Overby*, of Morehouse parish, and State aforesaid, for the sum of twenty-five hundred dollars, to me in hand paid. I also sell to the said *E. D. Duckworth* and *E. P. Overby* the gin-stand and mill and ferryboat on said place, included in the above sale. I also bind myself, my heirs, executors and administrators and assigns, severally and jointly, firmly by these presents.

In testimony whereof we set our names, in the presence of *J. D. Duckworth* and *T. C. Stanifer*, this 1st day of February, 1855.

[Signed]  G. McLEROY,
"  E. D. DUCKWORTH,
"  E. P. OVERBY."

Bills of exception were taken to the introduction of a part of the evidence ; these will be briefly noticed ; it is not, however, necessary to allude to the objections to the introduction of *Stanifer's* testimony, as it was not considered in the decision of this cause.

1. It was proper to establish by parol, the nature of the sale of the " interest to all improvements" mentioned in the " act," whether the vendor only made a quit claim, or the sale of a right warranted to exist, for there is an ambiguity as to this in the " act."

2. Parol evidence was correctly received to explain the location, extent and value of the " improvements," for as to these points the " act" is also ambiguous.

Having thus disposed of the bills of exception, we would now observe that the vendor in the first part of the " act" sells all his " *right, title and interest*" to the Eddin's confirmation, and in the second part disposes of his " *entire interest*" in all improvements on public lands adjacent to the same.

We are bound to conclude that plaintiff, in the " act," made only a quit claim to defendant of his interest in the improvements on public lands, because the act of sale can be so interpreted, and this construction is sustained by the parol evidence.

Judgment affirmed, with costs.