HAWTHORNE, Justice.
 

 This is an appeal from’ a judgment of the-lower court sustaining an exception of no. cause or right of action and dismissing, plaintiff’s suit, in which suit plaintiff, Gordon Walker, seeks specific performance of a written contract to purchase a tract or parcel of land.
 

 We do not know on what grounds the-district judge sustained the exception and
 
 *286
 
 dismissed the suit, as the record does not contain his reasons therefor. However, defendants, Mrs. Lillian Ferchaud Hoelzel, and her husband, William Hoelzel, contend in brief that the written promise to purchase, accepted and signed by them, does not describe the property with sufficient certainty so as to constitute a valid contract to sell real estate or to permit the court to grant specific performance thereof, and for these reasons urge that the exception was properly sustained and the judgment appealed from should be affirmed. 1
 

 Plaintiff’s petition alleges that on May 7, 1943, he and the defendants entered into a contract in which he agreed to buy, and defendants agreed to sell, a certain tract or portion of ground, together with the improvements thereon, situated in the Parish of Jefferson, State of Louisiana, in, that part thereof known as Vincent Avenue, in square bounded by Stella, Geranium, and Duplessis streets, and Vincent Avenue, which portion of ground commences at a distance of 90 feet from the corner of Geranium and Stella streets and measures 60 feet in width on Stella Street by a depth between parallel lines of 150 feet.
 

 Plaintiff’s petition, after describing the property in much greater detail than given by us above, further alleges that it constitutes and is the property described in the written offer to purchase, attached to his petition and made a part thereof as though copied therein in full. The written offer to purchase and the acceptance thereof, signed by these parties, is headed New Orleans, Louisiana, and dated May 7, 1943. With reference to the property it reads as follows: “I offer and agree to purchase 124 Stella Street, on grounds measuring about 60x150, as per title * *
 

 Plaintiff alleges that pursuant to said agreement he has deposited the sum of $1250, 10 per cent of the purchase price of $12,500, with a certain realty company, agent of the defendants herein, and that he is and has been ready, willing, and able to carry out his part of the agreement in all its terms and particulars, and that he has formally placed the defendants in default.
 

 We concede that the property which is the object of the contract is not sufficiently described in the written contract to identify it with certainty, but we think the district judge erred in sustaining the exception in this case, for the reason that on á trial of the case on its merits parol evidence is admissible for the purpose of making such identification.
 

 It is true that parol evidence.is not admissible against or beyond what is contained in the contract to purchase, nor is it admissible to show what may have been said before, or at the time of making it, or since. But this rule has no application to the admissibility of parol evidence to identify land not specifically described in an act of sale or contract to purchase or sell; for this court, as far back as 1848, in the case of Moore v. Hampton, 3 La.Ann. 192, stated the rule in such cases to be:
 

 
 *288
 
 “When this sale took, place the rule was as it is now, that no parol evidence is admissible against or beyond what is contained in written acts, nor on what may have been said before or at the time of making said acts. It is substantially the same as that of the common law, that parol, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument; and the same interpretation appears to have been given to both by the civil and common law courts.
 

 “Under our rule, the evidence [parole evidence] is said to be
 
 against
 
 the act, when it is introduced to prove the falsity of what is therein stated. It is said to be
 
 beyond
 
 the act, if the object of it be to add to the act a clause which it does not contain, or to enlarge those which it does contain. But when titles to land contain no specific description of the property conveyed, as in this case,
 
 the question of ownership can only be determined by the application of the title to the land, and by parol evidence.
 
 * * *
 
 ”
 
 (Italics in last sentence ours.)
 

 In the case of New Orleans
 
 &
 
 Carrollton R. Co. v. Darms, 1887, 39 La.Ann. 766, 2 So. 230, 232, this court said:
 

 “We think * * * that the evidence fell within the familiar exception to the general rule which admits parol, in order to ascertain the nature and qualities of the subject-matter' of the contract, e. g., to identify or define the extent of the premises leased or sold, when not sufficiently described in the written contracts, and the like. 1 Greenl. Ev., §§ 286, 298a; Sargent v. Adams, 3 Gray, Mass., 72, [63 Am.Dec. 718]; Falcon v. Boucherville, 1 Rob. 337; Moore v. Hampton, 3 La.Ann. [192], 193; D’Aquin v. Barbour, 4 La.Ann. 441; Corbett v. Costello, 8 La.Ann. 427; McLeroy v. Duckworth, 13 La.Ann. 410.”
 

 In Close et al. v. Rowan, 171 La. 263, 130 So. -350, this court held that resort may be had to evidence dehors a deed to aid in identifying the property sold.
 

 If parol evidence or evidence dehors a deed is admissible for the purpose of identifying property described in a deed, then such evidence is also admissible to identify real property described in a written contract to purchase.
 

 Plaintiff having alleged in his petition that he entered into a contract for the purchase of a tract or parcel of land situated in Jefferson Parish, described therein as having a front of 60 feet on Stella Street by a depth between parallel lines of 150 feet, and having further alleged that this is the same property described in the written contract to purchase attached to his petition, then in our opinion parol evidence or evidence dehors the contract to purchase itself is admissible to apply the description given therein to the property which he alleges and describes as being the object of the contract.
 

 There are numerous cases in our sister states holding that parol evidence is admis
 
 *290
 
 sible to identify a tract or parcel of land described with uncertainty in a contract to purchase or sell so as to enable the courts to enforce specific performance of such contracts to purchase or sell, among these being Kilday v. Schancupp, 91 Conn. 29, 98 A. 335, L.R.A.1917A, 151; Gendelman v. Mongillo, 96 Conn. 541, 114 A. 914; Price v. McKay et al., 53 N.J.Eq. 588, 32 A. 130; Harper et al. v. Wallerstein, 122 Va. 274, 94 S.E. 781, L.R.A.1918C, 517; Hurley et al. v. Brown, 98 Mass. 545, 96 Am.Dec. 671.
 

 In Gendelman v. Mongillo, supra, plaintiff was seeking specific performance of a contract to sell, which merely described the property as “6 Washington Place”, without mention of the city, county, or state. Defendant demurred to the complaint on the ground that the description was indefinite, and, in discussing the merits of this demurrer, the court said:
 

 “The third ground of demurrer is that the land conveyed is not described with sufficient certainty, since it omits the town, county or State where the property is situated. The land described is ‘6 Washington Place’. Parol evidence is admissible to apply the description given in the memorandum, if it be a definite description, to the premises conveyed, if this identification can be made with reasonable certainty.
 

 “ * * * if the description can be identified by proof of some extraneous fact, that may be done, although, if it be necessary to add a term to the description, that cannot be done. In making this identification we do not go to the oral negotiations, nor to oral proof of what the parties intended. To do this would add to the terms of the memorandum. What we do is to ascertain where 6 Washington Place is. We locate this street number in a given place by oral proof, and then we show by oral proof that the seller owned these premises. And then we draw the inference that the parties intended to convey the 6 Washington Place which the seller owned in this given place. The description given may be applied by oral proof, so as to ascertain the precise premises conveyed.”
 

 The plaintiff
 
 in
 
 the instant case should be afforded an opportunity at a trial on the merits to identify by competent and legal evidence, if he. can, the property described in the contract to purchase, or by such evidence apply the description given therein to the property which he alleges is the object of the contract.
 

 For the reasons assigned, the judgment sustaining the exception of no cause or right of action and dismissing plaintiff’s suit is annulled and set aside, and it is now ordered that the case be remanded to the district court to be proceeded with according to the views herein expressed; costs of this appeal to be paid by defendants-appellees, all other costs to await the final determination of the case on its merits.