Plaintiff in this case sues the defendants for specific performance of an alleged verbal agreement to sell him one acre of land and in connection with the suit he filed notice of lis pendens for record in the mortgage records of Rapides Parish. He prosecutes this appeal from a judgment dismissing his main demand and ordering the cancellation and erasure of the notice of lis pendens.
Plaintiff's main demand is for specific performance to require the defendants to execute deed to a one-acre tract of land. The allegations in paragraphs three and four of the petition set forth the main demand for specific performance, as follows:
"That the first part of July 1944, plaintiff and defendant entered into a verbal agreement whereby plaintiff would purchase from defendants and defendants would sell to plaintiff one (1) acre of land, in Rapides Parish, Louisiana, to be taken in a square out of a tract of land purchased by defendants from Darwin Cizek by deed of record in Conveyance Book 275, page 41, which said one acre is described as follows:
"Begin at a point common to the East line of the SW 1/4 of NW 1/4 of Section 9, Township 4 North, Range 1 East, and the Holloway Prairie Road, and from said point run West along said Holloway Prairie Road a distance of 208.7 feet and establish a point, thus establishing a front on said road; from the two points thus established run back between parallel lines, one of which is the East line of said SW 1/4 of the NW 1/4 of said Section, Township and Range, such a distance as will embrace the area of one (1) acre.
"That the purchase price of said acre of land, which also included a three room house which belonged to defendants, and was on the other portion of the land purchased *Page 785 
from Cizek, was the sum of Three Hundred Fifty and No/100 ($350.00) Dollars, payable in ten (10) monthly installments of Thirty-Five and No/100 ($35.00) Dollars each; that when said agreement above set forth was entered into defendants staked off the one acre of ground; that immediately plaintiff caused said house to be moved on said acre of land, moved into the house, made improvements thereon, etc."
The petition also contains an alternative demand for return of money paid in the event the demand for specific performance is denied.
The petition was met with an exception of no cause and of no right of action, which the district judge sustained as to the demand for specific performance and overruled as to the alternative demand.
Plaintiff annexed to his petition ten receipts all reading exactly alike except as to date, and apparently all were written at the same time in ink and later as payments were made the date and signatures are filled in with pencil. The first of these receipts reads as follows:
"Date August 19, 1944
"Received from Mr. Clifton Lemoine $35.00 for payment on place.
"/s/ W.L. Lacour "C.P. Lemoine"
Plaintiff in brief in this court relies upon the following cases which he contends support his position, to-wit: Saunders v. Bolden, 155 La. 136, 98 So. 867; Guice et al. v. Mason et al., 156 La. 201, 100 So. 397; Walker v. Ferchaud et al.,210 La. 283, 26 So.2d 746, 749.
In all three of these cases there was written evidence of the sale but the property sold was not described by any legal description. The court held in the first two cases above cited that parol evidence is admissible to make certain the identification of the property, provided the written agreement contains some description which can be identified. In the last cited case an exception of no cause and no right of action was sustained as in this case. The case was remanded for further proceedings, the court saying:
"The plaintiff in the instant case should be afforded an opportunity at a trial on the merits to identify by competent and legal evidence, if he can, the property described in the contract to purchase, or by such evidence apply the description given therein to the property which he alleges is the object of the contract."
[1] The receipts annexed to plaintiff's petition in this case are not any evidence of a sale for the reason that no price is stated and further for the reason that it would not be possible to identify the property claimed to have been sold from anything contained in these receipts, and for these reasons we are of the opinion that the cases cited and relied upon by the plaintiff are not applicable to a situation disclosed by the pleadings in this case.
Articles Nos. 2275 and 2276 of the Revised Civil Code read as follows:
"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.
"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
[2] Under these articles of the Code and under numerous decisions of the appellate courts of this state it is well settled that the only method of undertaking to enforce a verbal agreement to sell property is by propounding interrogatories on facts and articles to the defendant, and the plaintiff in this case has not followed this settled rule of law.
For these reasons we are of the opinion that the district judge correctly sustained the exception of no cause and no right of action to the main demand of the plaintiff and accordingly the judgment appealed from is affirmed. Costs of this appeal are to be paid by the plaintiff appellant, and all other costs to await final decision on the alternative demand of the plaintiff.
 *Page 42