Charles A. Jourdan, Jr., plaintiff, the owner of a lot of ground situated in Jefferson Parish, the improvements on which consist of a single dwelling, listed the property for sale with John R. Kennedy, a real estate broker. Arthur L. Jones, who is one of the defendants, manifested some interest in the property, and after making an inspection of it submitted a written offer, through the real estate broker, to purchase same, and the offer was accepted by Jourdan, the owner. The offer and acceptance reads as follows:
"Agreement To Purchase Or Sell
New Orleans, La., 12/12/1946
John R. Kennedy, Agent
I offer and agree to purchase 2908 Beauleau St. with possession at act of sale, including venetian blinds 1 set lawn furniture on grounds measuring about 50 X 120 or as per title, for the sum of Twelve Thousand No/100 ($12,000.00) Dollars on the terms of all cash.
This sale is conditioned upon the ability of the purchaser to borrow upon this property as surety the sum of $_______either by a Homestead loan from any Homestead on the usual Homestead terms, or by a mortgage loan from some other source at a rate of interest not to exceed — % per annum and for a period not less than_____years, which loan the purchaser obligates himself to obtain is (if) procurable. Either loan to be secured by purchaser or agent_____days from acceptance hereof.
Property sold subject to lease NONE
The paving NONE
The taxes prorated at act of sale
All proper and necessary certificates and revenue stamps to be paid by vendor; cost of survey by_______
Act of sales to be passed before purchaser's Esq., Notary, on or prior to 30 days 19___, at expense of purchaser. *Page 418 
If this offer is accepted I will deposit with Vendor's Agent immediately in cash, Twelve Hundred no/100 ($1200.00) Dollars.
This deposit is to be non-interest bearing and may be placed in any bank of your selection in the City of New Orleans without responsibility on your part in case of failure or suspension of such bank pending settlement. In the event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit, ipso facto, forfeited, without formality and without placing purchaser in default, time being the essence of this contract; or the vendor may demand specific performance. In the event that the deposit is forfeited, the commission of the agent shall be paid out of this deposit, reserving to the vendor the right to proceed against purchaser for the recovery of the amount of the commission. In the event that the vendor does not comply with this agreement to sell within the time specified, purchaser shall have the right either to demand the return of double the deposit, or specific performance. The commission is earned on the signing of the agreement and shall not be affected by any subsequent agreement of the parties hereto, or by annulment of contract by any court.
If this offer is accepted vendor agrees to pay the Agents commission of 5 4% on purchase price amounting to $580.00.
Either party hereto who fails to comply with the terms of this offer, if accepted, is obligated to pay the Agents commission and all fees and costs incurred in enforcing collection and damages.
This offer remains binding and irrevocable through Jan. 16th 1946.
(SGD.) Arthur L. Jones 339 Orien St. New Orleans, La.
_____, 19___
I/we accept the above offer in all its terms and conditions.
(SGD.) Charles A. Jourdan, Jr."
In accordance with the terms of the contract, Jones deposited with the agent, Kennedy, the sum of $1,200. This suit is brought by the owner, Charles A. Jourdan, Jr., against Arthur L. Jones, and John R. Kennedy, the real estate agent, in which he alleges that notwithstanding tender made according to law, Jones, the proposed purchaser, had failed to take title to the property and pay for it, and that his refusal to consummate the agreement resulted in his forfeiture of the $1,200 deposit. It is further alleged that in accordance with the terms of the contract, Kennedy, the agent, is due, out of the deposit, a commission of $580, and that plaintiff is entitled to the remainder of the deposit and is further entitled to recover from Jones the amount of the agent's commission, plus $500 for the fee of his attorney. Plaintiff prays for judgment accordingly.
Defendant, Jones, excepted to the petition on the grounds that it disclosed no right of action and no cause of action; these exceptions were overruled by the district court.
Kennedy made no answer to the suit.
In his answer Jones admits the tender, and also admits his refusal to accept title to the property. His sole defense to the action is based upon the proposition that he was justified in such refusal for two reasons: (1) that the actual ground measurements of the property are less than those set forth in the contract, and that he is not bound to take less than he agreed to purchase, and (2) that the purported agreement of sale is too vague, uncertain and indefinite to amount to a valid and binding contract. By way of reconvention Jones prays for the return of the deposit, on the ground that the agreement is null, void and unenforceable for the two above mentioned reasons.
The matter was tried on its merits, and the lower court rendered judgment in plaintiff's favor as prayed for, except for attorney's fees, the demand therefor being rejected. Arthur L. Jones has taken this appeal from the judgment, and plaintiff has filed an answer thereto praying that the judgment be amended so as to allow him $250 for the fee of his attorney.
[1] All parties concede that the contract has been abandoned and that the only matter in question is the ownership of the $1,200 deposit, both Jourdan and Jones *Page 419 
making claim to it. Under the circumstances, even though there is involved herein a contract respecting the sale of real estate for the price of $12,000, this court has jurisdiction to determine the disposition of the deposit. See Richardson v. Charles Kirsch Co., 191 La. 991, 187 So. 1.
[2] The exceptions filed by Jones are not reurged before us, and we, therefore, consider them as having been abandoned. Counsel for Jones concedes that his first defense, i. e., that the actual measurements of the property are less than the measurements shown in the contract, is without merit in view of the inspection of the property made by Jones before submitting his offer to buy, under the authority of Hunley v. Ascani,174 La. 712, 141 So. 385.
[3, 4] The evidence shows that after the contract was confected Jones was handed a copy thereof, which the real estate agent had certified to be a true copy of the original. Jones' counsel contends that there is a material discrepancy between the original and the copy, as to the location of the property. The so-called "certified copy" describes it as "2908 Beaulieu St., New Orleans, La.," whereas the original contract merely designates the property as "2908 Beaulieu St." Counsel argues that the variance was sufficient to create confusion in the mind of Jones as to the precise location of the property he had contracted to buy. We fail to see how the copy could in any respect create confusion as to where the property is located. Jones visited and examined the property before making his offer to buy it, and surely he knew where it is situated. Moreover, this suit is not brought upon the copy of the agreement, but on the original, which is annexed to and made part of the petition. The evidence shows that the premises are located in Jefferson Parish, and Jones knew well that fact. Parole evidence is admissible to identify real property described in a written contract to purchase. Walker v. Ferchaud,210 La. 283, 26 So.2d 746. We find no merit in this contention of Jones.
[5] Counsel for Jones next argues that the contract is vague and not subject to enforcement, because it contains the following language: "This sale is conditioned upon the ability of the purchaser to borrow upon this property as surety the sum of $_____ either by a Homestead loan from any Homestead on the usual Homestead terms, or by a mortgage loan from some other source at a rate of interest not to exceed ___% per annum and for a period not less than ___ years, which loan the purchaser obligates himself to obtain is (if) procurable. Either loan to be secured by purchaser or agent ___ days from acceptance hereof."
He argues that because of the insertion in the agreement of this paragraph, which contains unfilled blank spaces, there was no meeting of the minds between the contracting parties, as the presence of the language would show that Jones made only a conditional offer to buy, containing a suspensive condition, and that this condition, in view of the unfilled blank spaces, renders the contract so indefinite that it cannot be legally enforced. We likewise perceive no merit in this contention. The offer was made on a printed form furnished by the broker, and is labeled "Standard Form Real Estate Board of New Orleans, Inc.," and the condition is printed on the form. Jones specifically offered to purchase Jourdan's property "* * * for the sum of Twelve Thousand no/100 ($12,000.00) Dollars on the terms of all cash." (Italics ours.) The amount "$12,000.00" and the word "all" are written in in hand-writing, and in view of this the impression is instantly formed that Jones intended to pay the price in cash, and without financial aid from a homestead association or lending institution. This is particularly true when it is considered that none of the blanks in the paragraph regarding the ability to secure a loan were filled in. We believe that the condition was inadvertently permitted to remain in the offer, and that both parties knew and well understood that Jones would take title and pay the price in cash, and that he did not intend, when making the offer, that it was to be predicated upon his ability to secure a loan on the property.
The next ground of vagueness urged by counsel is that the agreement provides that the formal act of sale was to be passed *Page 420 
"* * * on or prior to 30 days * * *." He argues that it is not clear whether the 30 days would be counted from December 12, 1946, the date of the offer, or from January 16, 1947, the day on which the offer, if unaccepted, would expire. The owner's acceptance is undated, but by referring to the petition and answer the date can be easily ascertained.
Plaintiff's petition alleges, in article 2, as follows: "Petitioner further shows that on December 12, 1946, petitioner agreed to sell and the defendant, Arthur L. Jones, agreed to buy the property No. 2908 Beaulieu Street in the Parish of Jefferson for the price and sum of Twelve Thousand and 00/100 ($12,000.00.) Dollars, which said agreement of sale is attached hereto, filed herewith and made part hereof."
Jones' answer to that article is: "Answering paragraph 2 of plaintiff's petition, your respondent says, under date of December 12, 1946, he signed an instrument, purporting to be an agreement of sale of certain real estate, which said instrument was signed by respondent, as a result of certain negotiations had with one of the agents of John R. Kennedy, Realtor, and which said instrument, which purports to be an agreement of sale, was thereafter accepted and signed by the plaintiff herein, Charles A. Jourdan, Jr.; that thereafter respondent paid to the real estate agent, representing John R. Kennedy Realtor, the sum of Twelve Hundred ($1200.00) Dollars as a cash deposit on account of said purported agreement of sale; that the said John R. Kennedy, Realtor, and his said Agent, or employee, acting for said real estate firm of John R. Kennedy, were at the time the authorized agents of the said Charles A. Jourdan, Jr."
The following allegation is made in article 3 of the petition: "Petitioner shows that in conformity with the provisions of said contract the defendant, Arthur L. Jones, on December 16, 1946, deposited with John R. Kennedy, Agent, the sum of Twelve Hundred and 00/100 ($1200.00) Dollars."
And the answer of Jones thereto is: "Respondent admits the allegations of Paragraph 3 of plaintiff's petition, * * *".
[6] A reading of the above-quoted portions of the pleadings shows that the deposit was made with the broker on December 16, 1946. Jones bound himself to "deposit with Vendor's Agent immediately in cash, Twelve Hundred 00/100 ($1200.00) Dollars." We must assume that he complied with the agreement, and immediately made the deposit upon Jourdan's acceptance of the offer, which was on December 16, 1946. We believe that the only fair and reasonable interpretation is that it was the intention of the parties that a 30 day period would be allowed the purchaser to have an examination of the title made, and to have the formal act of sale prepared and executed, and that the delay should commence from the date on which the offer to buy was accepted by the owner. The contract only came into existence on the day Jourdan made acceptance of the offer, and it would be fallacious to say that it was the intention of the contracting parties that the 30 day period should run from the date the offer was made, when the offer itself specifically provided that it was to remain binding and irrevocable through January 16, 1947.
Counsel for Jones also complains that it is not clear whether the owner accepted the offer prior to its expiration date, and that there is a strong probability that Jourdan agreed to sell after the offer had expired. The allegations of the petition, and the admissions of Jones' answer show otherwise. The offer was accepted on December 16, 1946, before it expired, and we find no merit in counsel's contention.
[7] Jones further contends that the stipulation "cost of survey (to be paid) by __________" renders the contract unenforceable, as there was no meeting of the minds of the respective parties as to who was to pay for a survey of the property. We likewise find no merit in this contention. The few words regarding payment for a survey are printed in the contract, and we believe that whereas the blank space was not filled in by the parties, they did not contemplate that a survey was necessary in connection with the transaction.
Counsel next assails the following provision of the contract: "If this offer is accepted *Page 421 
vendor agrees to pay the Agents commission of 5 4% on purchase price amounting to $580.00."
[8] He contends that the figures "5 4%" do not fix with any degree of certainty the amount which the respective parties obligated themselves to pay Kennedy as a commission in consummating the contract, but we think this contention, that vagueness exists, is fully answered by the language amounting to $580.00." Regardless of what percentage figure was to be used in calculating the agent's commission, the amount is clearly fixed at $580, and both the vendor and purchaser knew that the agent was to receive that sum for his services. We can not comprehend any vagueness regarding the amount of Kennedy's commission.
[9] It is freely conceded by counsel that the only ground for Jones' refusal to take title to 2908 Beaulieu Street is based upon his assumption that the agreement, because of vagueness and ambiguity, has no binding or legal force. It is our conclusion that Jones, without valid reason, attempted to recede from his undertaking, and that the owner has the right to insist upon an enforcement of the contract according to its terms, in so far as they apply to the $1,200 deposit.
The contract, which is the law between the parties, contains the following provisions:
"* * * In the event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit, ipso facto, forfeited, without formality and without placing purchaser in default, time being the essence of this contract; or the vendor may demand specific performance. * * *
"* * * In the event that the deposit is forfeited, the commission of the agent shall be paid out of this deposit, reserving to the vendor the right to proceed against purchaser for the recovery of the amount of the commission. * * *"
Plaintiff is clearly entitled to maintain the present action against Jones.
In answer to the appeal, Jourdan prayed that the judgment appealed from be amended so as to make provision for the allowance to him of attorney's fees in the sum of $250, but his counsel conceded in oral argument that there is no evidence in the record showing the amount of his fee, and admits that plaintiff is not entitled to a recovery for that item.
We find no error in the judgment appealed from, and for the reasons herein above set forth it is affirmed.
Affirmed.