LOTTINGER, Judge.
The lower court has written a well reasoned opinion in this case and we adopt a portion of same as the opinion of this court, which is as follows:
“On May 11, 1950, the plaintiff George A. Smith sold to Jean N. Bell and his wife, Dorothy Ingraham Bell, a certain property in the Parish of West Feliciana known as Laurel Hill Plantation, together with all buildings and improvements, rights, ways, privileges and appurtenances thereunto belonging.
“On July 9, 1951, plaintiff brought this suit against his vendee, Jean N. Bell, alleging that defendant Bell had wrongfully converted certain farm equipment belonging to him and which by agreement with said defendant had been left on the property pending removal. The defendant answered averring that no equipment belonging to plaintiff had been wrongfully converted, and in reconvention, set forth a claim for damages against 'Smith for various items of injury he had sustained through plaintiff’s faults of commission and omission.
“On the trials of the issues thus presented, defendant objected to the admission of any testimony tending to establish ownership in plaintiff of any of the items of farm equipment described in his petition. His contention is that all of the equipment for the value of which plaintiff is seeking recovery, was included in the sale of May 11, 1950, as being appurtenant to the proper cultivation of the plantation, and that parol testimony could not be 'heard to vary the written act. It is plaintiff’s contention that the written act of sale, under date of May 11, 1950, did not by any means reflect the whole agreement entered into by plaintiff and defendant. That there were certain written memoranda referred to and offered on the part of defendant which tend to create uncertainty as to the contract entered into, and that the apparent ambiguities can only be made clear by the admission of parol testimony.
“On the trial of the merits, plaintiff sought to establish the intent of the parties as to what equipment was to be transferred to Mr. Bell and what equipment was to be retained by Mr. Smith. The first question we must decide is whether or not plaintiff had a rig'ht to offer evidence to prove the intentions of the parties in this matter, and secondly, we must decide from the evidence in the record what that intention actually was.
“Plaintiff admits that the general rule in our law, as set forth by Article 2276 of the [LSA-] Civil Code, is that parol evidence shall -not be admitted to vary the terms of a written contract. If it be admitted that plaintiff’s case is based solely upon the act of sale in question, the argument that parol testimony should not be admitted would undoubtedly be valid, but it becomes immediately apparent that the stipulations, some of whioh were written, extended beyond the terms of the written contract itself and that in order to determine the intention of t'he parties as a whole we must admit parol testimony' not to vary but to explain just what the contract in all of its details really was. Besides, it is also apparent that the plaintiff’s case does not depend entirely on parol testimony for there are certain written documents which tend to support the idea that the contract between plaintiff and defendant was not reflected by the act of sale itself and would certainly tend to *515 make the meaning of the act of sale uncertain.
“The several documents establishing the fact of collateral agreements incidental to the act of sale itself make this a case where the exceptions to the rule against the acceptance of parol testimony seem particularly applicable.
“In the case of New Orleans & Carrollton R. R. Company v. Darms, 39 La.Ann. 766 [2 So. 230, 232], the Supreme Court admitting certain parol evidence, said:
“ ‘We think * * * that the evidence fell within the familiar exception to the general rule which admits parol, in order to ascertain the nature and qualities of the subject-matter of the contract, e. g., to identify or define the extent of the premises leased or sold, when not sufficiently described in the written contract, and the like. 1 Greenl. Ev. §§ 286, 298a; * * * McLeroy v. Duckworth, 13 La.Ann. 410/
“This principle was affirmed in the case Walker v. Ferchaud, 210 La. 283, 26 So. 2d 746; Close v. Rowan, 171 La. 263, 130 So. 350.
“This theory is borne out in the case of Brandin Slate Company v. Fornea [La. App.], 183 So. 572, 573. There the plaintiff sued for money on a roofing job. Defendant refused to pay on the grounds that the job was defective and that plaintiff had agreed to guarantee the job.. The contract was in writing, but the agreement of guaranty was oral. The question is whether defendant could introduce parol evidence of the oral agreement of guaranty. Court admitted the evidence and said:
“ ‘Parol evidence is admissible to prove an independent collateral agreement relating to the written agreement, and where the parol agreement does not contradict the writing but merely covers an additional and collateral undertaking/
“The following is the concise statement which I have taken partly from plaintiff’s brief:
“ ‘There are two written documents in the record affecting the property in question and the equipment thereon, both of which were executed and signed by both parties and both of which were duly and properly introduced in evidence. The first instrument, dated April 24, 1950, and identified in the record as P-1, purports to be an agreement relative to certain pieces of farm equipment situated on the plantation. In essence, the agreement provided that Bell would receive certain specified pieces of farm equipment in return for the lumber from'a gin house on the plantation which Bell would otherwise be entitled to when he bought the plantation. The very nature of the agreement reflects the parties’ intention and understanding that Bell was not to acquire all the farm equipment on the plantation with the sale, otherwise he would not have entered a special contract reserving part of said equipment.
“ ‘The second instrument is the Act of Sale, of the plantation from Smith to Bell and identified in the record as D-2. The act provides that Smith transfers the plantation along with “ * * * all appurtenances thereunto belonging”, except the gin house. According to defendant, this language implies that Bell was to be the owner of all the farm equipment on the premises at the time the sale was passed on the theory that such equipment would he .classified as “appurtenances”/
“From a purely objective standpoint, these two instruments taken together certainly create an ambiguity as to what was actually sold or intended to be sold. If these instruments are taken separately, then the first must be taken to be an independent collateral agreement, because it deals with something not specifically covered by the act of. sale dated May 11, 1950. In either event, the facts would fall into the category of an exceptional situation, and parol should be admitted and considered in determining the actual intent of the parties and explaining the meaning of the two instruments. In the final analysis, the intent of the parties should be the determining factor in all contracts. This proposition *516 is supported by .the following extracts from our Civil Code:
“ ‘When there is anything doubtful in agreements,, we must endeavor to ascertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms.’ [LSA-JC.C. art. 1950.
“ ‘Every condition must be performed in the manner that it is probable that the parties wished and intended that it should be.’ [LSA-] C.C. art. 2037. ■ .
“ ‘Equity, usage and law supply such incidents only as the parties may reasonably be supposed to have been silent upon from a knowledge that they would be supplied from one of these sources.’ [DSA-JC.C. art. 1964.
“ ‘The equity intended by this rule is founded in the Christian principle not to do unto others that which, we would not wish others should do unto us; and ón the moral maxim of the law that no one ought to enrich himself at the expense of another. When the law of the land, and that which the parties- have made for themselves by their contract, áre silent, courts must, apply' these principles to determine what ought to be incidents to a contract, which are required by equity.’ [LSA-JC.C. art. 1965.”
Granting that parol evidence was admissible in this case to show the full intent of the .parties and to prevent any injustice through what might be termed a too strict adherence to the general principle excluding parol testimony, it appears that the plaintiff has established his ownership to the equipment he claims, by a preponderance of the testimony, and therefore, judgment will be in his favor for the following items, and valuation as follows:
■Smith
1 Disc Plow - 325.00
1 Mowing Machine ■ 325.00
1 Tanden Disc 200.00
1 Plow ■ • 40.00
1 Wagon. , 40.00
Line Shaft 40.00
Tongue & Grooved lumber ' - ' 200.00
. “As to defendant’s reconventional demand, I do not believe from the whole mass of testimony that he has established his claim by a preponderance of the testimony and with legal certainty, with the exception of his claim for the reimbursement of one-half of the 1950 taxes upon the property, of $115.19 ($119.52), for which amount he should be reimbursed.
“It is apparent that there is merit in the claim- of defendant for damages on account of the detention by plaintiff of the truck which undue detention is admitted by plaintiff himself, but in the absence of any estimate on the part of defendant as to just what financial loss he suffered as a consequence, the Court is unable to - furnish such an estimate.
“For the reasons above stated, judgment will be in favor of the plaintiff for the items above specified with a total valuation of $1,075 subject to a credit in favor of the defendant in reconvention, of one-half of the 1950 taxes amounting to $119.52. With all costs of this suit to be paid 'by the defendant and judgment will be assigned accordingly.”
After a very careful review of the record, however, we are of the opinion that the respective claims of the plaintiff in the main demand arid plaintiff in the re-conventional demand should be amended. Insofar as the claim of the plaintiff on the mai-n demand, the plaintiff offered the testimony of Mr. Thompson, who sold farm equipment and his testimony was to this effect, that he considered the total value of the respective items as set forth in the plaintiff’s petition' and as enumerated hereinabove to be " approximately $1,015, but as a dealer of farm equipment, he would only allow.that value on a trade-in. T-hat being the case, we are of the opinion that the claim of the plaintiff, George A. Smith, and against the defendant, Jean N. Bell, should be reduced to the principle sum of $677.
As to the claim for the plaintiff in recOnvention, Jean N. Bell, and against George A. Smith, defendant in reconvention, we are of the opinion that his claim should be increased so as to allow the *517 said Bell the sum of $119.52, for one-half of the taxes for the year of 1950, together with the sum of $75, to cover a cabinet type sink, which the said Smith removed from the house. We are of the opinion that this sink was an immovable by destination, by virtue of being attached to the water line and drainage system and that Smith had no right to remove it. We are further of the opinion that Bell is entitled to the additional sum of $250, to cover the truck body that Smith took off the truck and kept, or a total of $444.52, in favor of the said Bell and against the said Smith.
We concur with the lower court in the other claims of plaintiff in reconvention that he 'has failed to establish same by a preponderance of testimony and with legal •certainty and that the judgment appealed from should be affirmed and amended, by awarding judgment in favor of plaintiff, George A. Smith, and against defendant, Jean N. Bell, in the full sum of $677, together with legal interest thereon from date of judicial demand until paid and for one-half the costs of this suit of 'both courts, and by awarding judgment in favor of plaintiff in reconvention, Jean N. Bell, and against defendant in reconvention, George A. Smith, in the full sum of $444.-52, with legal interest thereon from date of judicial demand until paid, and for one-half the costs of this suit of both courts.
Judgment amended and affirmed. '