DORÉ, Judge
(dissenting in part and concurring in part).
On May 11, 1950 the plaintiff George A. Smith sold to Jean N. Bell and his wife Dorothy Ingraham Bell certain land, in the Parish of West Feliciana, known as Laurel Hill Plantation, together with the buildings, improvements, rights, ways, privileges and appurtenances thereunto belonging. • On July 9, 1951 plaintiff brought this suit against his vendee alleging that defendant had wrongfully converted certain farm equipment which by agreement had been left on the plantation pending removal. The defendant answered averring that no equipment belonging to plaintiff had been wrongfully converted; and in reconvention he set. forth a claim for damages against Smith for.various items of damage he allegedly sustained through, plaintiff’s faults. of commission and omission.
The sale of May 11, 1950 was a cash sale passed before a Notary and two witnesses for the price of $33,500, by which Smith transferred to Bell and his wife- “A certain piece or parcel of land or plantation, together with the buildings, and improvements thereon, and all the rights, ways, privileges and appurtenances thereunto belonging or in anywise appertaining (except as hereinafter reserved) situated in the Fourth Ward of the Parish of West Feliciana * * * ” being 869 acres of Laurel Hill Plantation. Immediately following the property description the deed stated as follows:
“There is excepted from this sale and reserved to the vendor the Gin House on the property conveyed, the vendee being hereby granted a period of Three Years from this date in which to remove the same, but with an additional Three Years at the yearly rental of One Hunderd Dollars, and if the - said Gin House is not removed at the end of said six year period, the same-shall revert to and become the property of the said vendee, his .heirs and assigns.
“It is stipulated and well understood that only one half of..the oil,.,gas and other minerals, produced or. which may be found in and under the land, conveyed, is included in this sale; and that the right to only, oner'half of all bonus payments and delay rentals under the terms of any oil, gas and mineral lease placed on said land, is included; the vendor, however, conveying all his rights in regard to said minerals, re-versionary and otherwise, and including the whole of the gravel in and under said land.”
Plaintiff alleged that certain farming implements and equipment on the plantation were not included in the sale but were to be removed by him later, and that in July or August, 1950 he discovered that some of the equipment he left on the prem *518 ises was missing. He lists and values the allegedly missing equipment as follows:
Farmall H. 2 disc plow $350.00
Seven Foot mowing machine 250.00 Seven Foot tandum disc 200.00
Disc turning plow — mule drawn 50.00
All iron running gear farm wagon 50.00
Two inch steel line shaft 20 feet 40.00
2 inch by 6 inch tongue and groove creosoted silo material 200.00
Total $1,140.00
On the trial of the case plaintiff sought to introduce oral testimony to establish that the farming implements and equipment did not pass with the land, except for specially designated items, and that plaintiff and defendant had verbally agreed for plaintiff to store close to the gin house the implements and equipment that he intended to remove later. Defendant objected to the testimony on the ground that this was an effort to contradict and go beyond the terms of the written sale; but the court allowed the testimony to go into the record subject to the objections. Plaintiff also introduced in evidence a written memorandum called an “exchange agreement” which was dated April 24, 1950 and which stated:
“Agree to exchange in return for gin lumber, same to be removed within 3 years:
4 horses
mule farming equipment consisting of:
mower,
hay rake
•cultivator
middle ibuster
side harrow
harrow
hay bailer
combine
GMC 2-ton truck
% hay and other feed
hand tools as specified
hog
2 wagons
other miscellaneous equipment
exchange deep freezes plus $100, re-remainder of kitchen equipme'iit to be left except stove.
Credit of $150 towards furniture or cattle or chickens.”
Defendant introduced in evidence, among other things, a written contract dated April 24, 1950 by which .Smith agreed to sell and Bell agreed to buy Laurel Hill Plantation for $33,500 cash, which stipulated that half the minerals were to be reserved and the sale was to be consummated on or before May 15, 1950.
Plaintiff contended that the “exchange agreement” of April 24th and the oral testimony adduced showed that the sale passed on May 11th did not constitute the entire agreement between the parties; that these things did not contradict but only explained the sale; that the oral testimony taken was properly admitted in order to establish the full intent of the parties, and that their intent was for him to own everything removed by him before the sale and everything that was stored in and around the gin house at the time of the sale.
Defendant on the other hand contended that when the contract to1 buy was entered into on April 24th he was' not familiar with all the equipment on the plantation, but there were certain pieces he wanted to be sure to get; that it was understood that plaintiff would before the date of the sale remove the items which he, plaintiff, wanted to retain; that plaintiff wanted the gin house with the privilege of removing it within 3 years; that the “exchange agreement” was drawn up so defendant could be sure of getting the particular items mentioned therein; and that everything else remaining on the plantation on the date of the sale was to pass to him, defendant, with the land.
The sale of May 11th stated! that it covered the land and all appurtenances thereunto belonging or in any wise appertaining, except as thereinafter reserved. It is to be noted that the act of sale sets forth in considerable detail the reservations made with reference to- the gin house and the minerals^ Appurtenance is defined as that which belongs or relates to *519 Something else as an accessory. Article 2461 of our LSA-C'ivil Code states:'
“The sale of a thing includes that of its accessories, and of whatever has been destined for its constant use, unless there be a reservation to the contrary.”
Other articles of the Code pertinent here as Article 468, 2275 and 2276, which state:
468. “Things which the owner of a tract of land has placed upon it for its service and improvement are immovable by destination.
“Thus the following things are immovable by destination when, they have been placed by the owner for the service and improvement of a tract of land, to wit:
******
“Implements of husbandry.
******
: “Mills, kettles, alembics, vats, and other machinery made use of in carrying on the plantation works.
J*í * i¡? * *
“All such movables as the owner has attached permanently to the tenement or to the building, are likewise immovable by destination.”
2275. “Every transfer of immovable property must be in writing; * *
2276. “Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
There is no question but that the parol evidence introduced 'here went beyond and contradicted the written sale of May 11th, for the sale included the appurtenances while the 'evidence offered by plaintiff was purely for the purpose of showing that plaintiff considered certain appurtenances were not sold. The first question for decision then is whether the evidence adduced .should have Ibeen admitted.
In support of .-admission of the evidence the trial judge cites, approved by a majority of this .court, the following cases: New Orleans & Carrollton R. R. Co. v. Darms, 39 La.Ann. 766, 2 So. 230; Walker v. Ferchaud, 210 La. 283, 26 So.2d 746; Close v. Rowan, 171 La. 263, 130 So. 350; Brandin Slate Company v. Fornea, La. App., 183 So. 572. But none of these cases provide any authority for admission of plaintiff’s parol evidence. The Darms case did not deal with the sale of land but with the use to which a leased building could be put, i. e., whether lessee could operate a 'bar room in it. The parties were not concerned with testimony that contradicted anything in the written contract. In Walker v. Ferchaud the -court let in parol evidence to describe property that was not adequately described in the contract; it did not vary or alter the written contract. Again in Close v. Rowan the court let in parol evidence only to clarify an ambiguous description. In the Brandin Slate case parol evidence was admitted to prove a separate agreement by the vendor, through his agent, to -apply the slate roofing; this was not in any way a contradiction of the written contract to buy the materials.
I believe that plaintiff’s case does not come within any of the exceptions to the general rule against admission of parol evidence to vary or contradict the terms of a written sale of immovables. And without parol evidence plaintiff has no case. Furthermore, neither the act of sale nor the prior agreement of exchange is ambiguous; nevertheless, the written prior agreement to exchange became merged in the act of sale.
But even if consideration is given to all the evidence in the record, plaintiff still has not proved his case. Plaintiff and defendant contradicted one another on whether title passed or didn’t pass to- the equipment in question. Plaintiff produced only two other witnesses who could testify at all on this point. One was 'Herbert S. Thompson, a dealer in farm equipment, who, according to the testimony, was on the place once during potato planting season; and this, according to the testimony, was in April and approximately a month before the sale took place. He- then was not in position to know what agreement there was between the parties on May 11th. The other witness who testified on this point for plaintiff was C. J. Rodrigues, who *520 helped plaintiff move.' The evidence indicates that he heard only one fragmentary conversation between Smith and Bell that had any relation to ownership of the equipment. His testimony is of little value and certainly not conclusive.
I,therefore, for these reasons, am of the opinion that the judgment in favor of plaintiff should' be reversed and plaintiff’s demand rejected and respectively dissent from that part of' the decree of this court awarding plaintiff a judgment in the sum of $677. However, I concur in the decree increasing the award in favor off'defendant, plaintiff in reconvention.