HARDY, Judge.
This is an action by plaintiff for the recovery of money paid to the defendant in connection with a verbal agreement for the purchase of real property. Plaintiff alleges that the said agreement was to be reduced to writing in accordance with the understanding of the parites, which action, however, was not performed, despite repeated requests on the part of plaintiff. In addition to an answer defendant filed an exception of no cause of action which was referred to the merits. After trial there was judgment in favor of plaintiff in the principal sum of $1,180, from which judgment defendant prosecutes this appeal.
In argument and brief before this court counsel for defendant relies upon the issues tendered by the exception of no cause of action, contending that the exception should be sustained on the grounds (1) that plaintiff did not seek in these proceedings the enforcement of an unwritten contract; (2) that plaintiff did not pray for specific performance of the contract which would have been his proper *789 remedy under the allegations of his petition; and (3) that plaintiff did not place defendant in default.
We proceed to a consideration of the points above enumerated. Reference to plaintiff’s petition clearly establishes the nature of his demand, which is not an attempted enforcement of the contract by way of compelling specific performance, "but is simply a proceeding for the recovery of money paid to defendant under .an agreement which has not been consummated. Under this circumstance the contentions made by defendant under the pleadings of his exception are not apropos. Plaintiff was not required to demand either the enforcement or the specific performance of the contract, if indeed there be any difference, and since he has chosen to proceed by claiming a return of monies paid, the principles which would apply to an action for an enforcement or performance of the contract are irrelevant. This identical point was presented to this court in Lemoine v. Lacour, La.App., 28 So.2d 784, in which plaintiff prayed for specific performance of a verbal agreement to sell and, alternatively, demanded the return of money paid in the event of the denial of the demand for specific performance. The petition was met with an exception of no cause of action, which was sustained by the district court as to the demand for specific performance and overruled as to the alternative demand for the return of money paid. This judgment was affirmed by this court. Writs were granted by the Supreme Court and the judgment of this court was amended by reserving to plaintiff the right to supplement his pleadings on the main demand in such manner as to state a cause of action. The judgment as to the alternative demand was not disturbed, Lemoine v. Lacour, 213 La. 109, 34 So.2d 392.
With reference to the objection that plaintiff failed to place defendant in default in accordance with the provisions of Article 1911 of the LSA-Civil Code, it must be observed that this requirement, under the specific wording of Article 1912 is a prerequisite to the recovery of damages or to the recission of the contract. Plaintiff’s action in the instant case is not predicated upon either ground, but, as noted above, he is seeking here only the return of money paid in contemplation of the execution of a written contract which has not been tendered despite his “repeated requests.”
On the merits the record amply substantiates plaintiff’s claims to the extent of the payment of a total amount of $1,180; that a definite agreement for the sale of the property was never reached nor reduced to writing, and, finally, that the property in question was sold by defendant after the institution but before the trial of this suit.
It follows that the judgment appealed from should be, and accordingly it is, affirmed at appellant’s cost.