SAMUEL, Judge.
Plaintiff brought this action against two defendants, Ernest J. Jilek and Lee C. Guillory, to try title to fifty lots of ground in Kenner, Parish of Jefferson. The property is unimproved and there was no possession of the same at any time by any of the litigants. Both plaintiff and, apparently, one of the defendants, Jilek, died prior to the trial. The universal legatee of the former was substituted for the plaintiff and he has prosecuted this suit only against the other defendant, Guillory.
The property was acquired by the plaintiff on February 1, 1932, for $200. On July 25, 1934, he and Jilek executed the following instrument:
“State of Louisiana
Parish of Orleans.
“For and in consideration of the sum of Ten Dollars, cash in hand paid, the receipt of which is hereby acknowledged, I, George T. Sabourin, of lawful age, a resident of the City of New Orleans, La., do hereby sell bargain and convey unto Ernest J. Jilek any claim or interest that I might have in and to the following property to wit;
(description, and sellers acquisition, of property)
“The purchaser takes cognizance that the above property has been adjudicated to the State of Louisiana for *700 the unpaid taxes for the year 1932. and that an act of redemption is necessary by him; it being the intention of this deed to convey only such right of redemption as I may still have.
“The purchaser takes cognizance that there is a United States Government Bond against these lots applying for the sum of two thousand dollars and the purchaser buys with full knowledge thereof.
“This deed of quit claim without warranty signed on this 25th. day of July 1934 in the presence of the undersigned competent witnesses.
“Signed Geo. T. Sabourin
Seller
“Witness;
Accepted Ernest J. Jilek
Purchaser
Roy O. Allen
Louis E, Jung”
Some changes were made in the instrument. A lot number 12 was changed to 13 in two instances by superimposing a figure 3 over the figure 2; the folio of the acquisition was changed from 181 to 381 by superimposing a figure 3 over the figure 1; an erasure appears to have been made after the word “Government” in the third paragraph and the word “Bond” is printed over the erasure; and the words “without warranty” in the last paragraph were added. All of these changes were made by hand and the balance of the body of the instrument is typewritten. No proof was offered as to who made these changes or when the same were made. The instrument was registered on October 23, 1935.
The statement in the second paragraph that the property had been adjudicated to the State for unpaid 1932 taxes was incorrect. Actually the property was adjudicated to the State on December 20, 1934, for unpaid 1933 taxes in a sale which included thirty other lots in other squares and which erroneously described the subject lots as being in square 187 (the proper square was 127). The property has never been redeemed from the State nor has it been sold by the State.
In connection with the reference to a “Government Bond” as contained in the third paragraph, the facts are that plaintiff and two others had signed an appearance bond as sureties for an individual charged with a criminal offense before the United States District Court for the Eastern District of Louisiana. The bond was forfeited and on April 16, 1934, judgment was rendered by that court in the amount of $2,000 against plaintiff, the two other sureties, and the defendant in the criminal procedings. One of these sureties was later released from the judgment due to the fact that the same was in error as to him, and the other surety compromised the claim against her for the sum of $1,000. The compromise, in 1948, satisfied the judgment as to this surety only. On May 29, 1934, a writ of seizure was issued against the plaintiff to satisfy the judgment. The writ was never executed but the judgment remained outstanding against the plaintiff.
On December 22, 1934, Jilek sold the property to Guillory for $50.
Plaintiff filed his first petition on October 7, 1957. He alleged that the above document or deed transferred only his right of redemption, and since there was no adjudication and therefore no right to redeem, the same transferred nothing; that he was induced to sign the document by the defendant Jilek and a man named Allen who fraudulently misrepresented to him that his property had been lost because of his failure to pay the taxes due thereon and because of the forfeiture of the appearance bond upon which he was a surety, which constituted such fraud and error that the instrument should be set aside and annulled therefor; and that the $10 cash consideration had never been received by him. He prayed for a judgment decreeing him to be the owner of the property.
The defendant Guillory answered denying fraud and averring that if any fraud was perpetrated he, Guillory, was *701 not a party thereto. He pleads estoppel by reason of the lapse of more than twenty-two years between the execution of the document and the filing of suit and also pleads prescription. He asserts superior title and prays to he recognized as owner. Alternatively, if ownership should be decreed to be in the plaintiff, he reconvenes for the taxes he has paid on the property.
There was judgment in the trial court in favor of the defendant, recognizing him as the owner of the property. The plaintiff has appealed.
The alterations complained of are not material ones and therefore are of no importance. They are concerned only with the proper description of the property, the proper folio containing the registration of the acquisition, the word “bond”, the meaning and significance of which involves no real dispute, and the addition of the words “without warranty” appearing in the last paragraph immediately following the words “this deed of quit claim”. The latter changes nothing and is merely a redundancy since under our law a quit claim is a transfer of the vendor’s interest without warranty. McLeroy v. Duckworth, 13 La.Ann. 410.
These are not such alterations as might invalidate the instrument. It is only a “material alteration” in the meaning of the law which gives a party to the instrument the right to annul if such alteration is made without his knowledge or consent. See Smith v. Bratsos, 202 La. 493, 12 So.2d 245; Whitman v. Whitman, 206 La. 1, 18 So.2d 633.
 Much space in both briefs is devoted to the question of whether the instrument is a sale with warranty in a form contemplated by the Civil Code or is a quit claim, a form of transfer not mentioned in the Code but recognized in the jurisprudence. Although we are of the opinion that the instrument is a quit claim, the distinction between the two is not important here. For if by this instrument the plaintiff transferred all or a part of his interest in the property to Jilek, and if the instrument is valid, it is immaterial whether we term the same a quit claim or a transfer in a form recognized by the Code, with or without warranty. In either case the instrument effectively transfers such interest. While a quit claim deed does not convey the property itself, it may effectively convey such title or interest as the grantor had at the time the deed is given. See Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225; 23 Tulane L.Rev. 533.
We now address ourselves to the question of what the instrument actually transferred from the plaintiff to Jilek. The granting clause contained in the first paragraph provides that the grantor does “ * * * sell bargain and convey unto Ernest J. Jilek any claim or interest that I may have in and to the following property * * Quite clearly this intends to convey all of the vendor’s interest. On the other hand the third para-, graph contains the following provision: “ * * * ; it being the intention of this deed to convey only such right of redemption as I may still have.” The plaintiff contends this limits the interest transferred to a non-existing right of redemption.
We are of the opinion that there was no intention to limit the amount of interest transferred and that this declaration was placed in the deed only for the grantor’s protection and for the purpose of informing the purchaser that a redemption on the latter’s part would be necessary. The fact that no redemption was necessary at the time of this transfer can effect only the question of fraud or error. The instrument therefore transfers all of the plaintiff’s interest in the property.
The next question for our consideration is whether the instrument should be set aside and annulled for fraud, error and absence of the recited $10 consideration.
*702 These are allegations which it is incumbent upon the plaintiff to prove and the record clearly shows that no such proof was made. Only one witness testified about the actual dealing between the parties to the instrument. He was a real estate broker, called by the plaintiff, who testified he had discovered from records in Baton Rouge that the property had not been sold for the non-payment of 1932 taxes and had informed the plaintiff of this fact. What the plaintiff said at the time he was given this information is reflected in an answer by this witness on direct examination:
“A. Well, I spoke to him about it. He advised me to get an attorney for him and I recommended you to handle his case. He told me about the bond, that he lost the property for the bond and $10.00.”
and the following testimony by the same witness on cross examination:
“Q. Mr. Commagere, did you check any place to verify the statement which you say Mr. Sabourin made to you to the effect that his property has been lost? You didn’t amplify your testimony. A. Well, I went over and checked the roles over here in the Court and looked the record up and I went back and told him his square wasn’t sold. It was square 187 that was sold and that he couldn’t redeem his property. He told me he couldn’t on account of he pledged this bond and $10.00, the $2,-000.00 to Jilek, a man named Jilek.
“Q. Now, what bond was that that he was referring to? A. That was an Appearance Bond he signed for a friend of his through Roy O. Allen.
“Q. He told you that? A. That is right.”
This is all the evidence produced for the purpose of showing any fraud, error or absence of consideration. Therefore the record is completely devoid of any proof of either fraud or absence of consideration. It would even appear that the plaintiff actually received the $10.00.
The error complained of can be found only on the face of the instrument and in connection with the evidence offered as to the non-existence of an adjudication to the State for unpaid 1932 taxes. The error is that which the Code refers to as error in the motive. The pertinent articles of the LSA-Civil Code are as follows:
Art. 1823:
“Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself.”
Art. 1824:
“The reality of the cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent.”
Art. 182S:
“The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made.”
Art. 1826:
“No error in the motive can invalidate a contract, unless the other party was apprised that it was the prin *703 cipal canse of the agreement, or unless from the nature of the transaction it must be presumed that he knew it.”
The fact that at the time of the execution of the instrument the property had not been adjudicated to the State for the non-payment of the 1932 taxes was not the motive involved, that is, it was not the principal cause of the plaintiff making the contract or that consideration without which the contract would not have been made. The vast difference between the negligible cost of such a redemption (a comparison with a statement from the Register of State Land Office showing the amount necessary to effect a redemption of the adjudication made for unpaid 1933 taxes shows that the total cost of the redemption for an adjudication made for unpaid 1932 taxes would have been approximately $15 at the time of the sale to Jilek) and the open judgment in the amount of $2,000 in favor of the United States and against the plaintiff, which judgment could have been levied against the plaintiff and this property, makes this judgment, and the accompanying threatened loss of the property as a result thereof, the principal cause of plaintiff entering into the contract. This conclusion is strengthened by that portion of the testimony of plaintiff’s witness which we have quoted above. For that testimony indicates to us that the plaintiff himself considered the appearance bond forfeiture and the resulting judgment against him, together with the $10 consideration, all facts about which he was not in error, as the major, and possibly the only, factors which caused him to execute the instrument transferring his interest.
Furthermore there is no evidence to the effect that Jilek was appraised that the redemption was the principal cause of the contract and, certainly in view of our own conclusion, it cannot be assumed that Jilek knew this simply from the nature of the transaction. Thus the plaintiff’s case would fall on the basis of the above quoted LSA-Civil Code, Article 1826 alone.
Plaintiff relies on the case of Armstrong v. Bates, La.App., 61 So.2d 466. But that case is no authority for plaintiff’s position in the instant case for the reason that in Armstrong v. Bates the adjudication and redemption were not only the principal motive but indeed the only cause for making the contract.
In view of our conclusion there is no need to pass upon the defenses of estoppel and prescription.
For the reasons assigned the judgment appealed from is affirmed, plaintiff-appellant to pay all costs.
Affirmed.