HIGHTOWER, Judge.
Defendant, a consignee for the sale of a mobile home, appeals a judgment awarding the plaintiff-owner forfeited earnest money, less charges for repairs performed on the movable. We affirm.
FACTS
Delbert Speights, president of Speights Investment Corporation (“SIC”), transported a Holiday Rambler motor home to the sales lot of Camper’s R.V. Center (“Camper’s”), where Bob Durante served as general manager. After discussions, the two men agreed that Camper’s would take the vehicle on consignment for eventual sale at not less than $20,000 net to SIC. Any amount above $20,000 would be retained by the consignee as its compensation.
Speights and Durante, on behalf of their principals, signed a contract on January 20, 1989. In pertinent part, the document provided:
I agree to let Campers (sic) R.V. World sell my Holiday Rambler 32' Motor Home, 1978 Dodge Chassis, For (sic) no less than $20,000 my part.... This is a ninety (90) day agreement between the two parties....
On April 3, a prospective purchaser signed a buyer’s order. Seven days later, he deposited $3,000 to “hold” the motor home for a period of ninety days. When that individual later failed to consummate the sale, Camper’s declared the sum forfeited. The consignment agreement having expired by this time, Speights next removed the motor home from the sales lot and demanded the funds received.
Subsequently, upon Camper’s asserting that the money belonged to it, as consignee, SIC filed suit against that concern in Shreveport City Court.[1] After judgment in plaintiff’s favor for the full demand, less certain charges for repairing or improving the motor home, defendant initiated this appeal.
*678 In six assignments, Camper’s maintains that the trial court erred by 1) overruling an exception of no cause of action; 2) overruling a motion for directed verdict; 3) not allowing testimony regarding statements, made by a deceased salesman, enumerating the number of times he demonstrated the motor home; 4) not admitting a document, prepared by Durante, reflecting the time expended by him and others in their efforts to sell the vehicle; 5) incorrectly interpreting the contract and the intent of the parties; and 6) relying on “cause” and “unjust enrichment” theories as a basis for the decision.
DISCUSSION
We pretermit review of the six specific assignments of error inasmuch as the pertinent issues may be succinctly restated as follows:
Does a consignee, faced with demand by the vendor-consignor, have the right to retain earnest money forfeited by a third party vendee who failed to consummate the sale of a movable, where the consignment contract is silent on the subject?
Appellant argues in brief that the January 1989 contract expressed the clear intent that SIC would receive “no less than” $20,000 upon sale of the motor home. Hence, no conveyance having actually transpired, it is asserted that the consignee, rather than the vendor, is entitled to the deposit. Further, defendant contends that an interpretation permitting Camper’s to retain the earnest money would result in no unjust enrichment, considering the time expended by its various salesmen in an effort to accomplish the sale.
We disagree with appellant. The consignment agreement granted compensation to Camper’s only upon the motor home being sold for a price of more than $20,000. Thus, since a sale never occurred, the consignee earned no remuneration. More specifically, the contract did not entitle Camper’s to retain all, or a portion, of the forfeited deposit. Instead, defendant’s reward, viz., all amounts in excess of the stated net figure, would in no manner arise except upon condition of a conveyance as indicated. See Southport Mill v. Friedrichs, 171 La. 786, 132 So. 346 (1931), finding a broker unable to retain forfeited earnest money as compensation for his failed sales efforts. So too, Alliance Financial Serv., Inc. v. Cummings, 526 So.2d 324 (La.App. 4th Cir.1988), writ not considered, 531 So.2d 465 (La.1988), deemed a real estate agent entitled to his commission only at the completion of the sale. See also Bruno v. Serio, 50 So. 78 (Orleans App.1951), in which the court concluded that an agent, who agreed to receive any excess over $5,000 as his commission in a contract to sell movables, could keep no part of a deposit forfeited by a prospective purchaser. Likewise, compare LSA-C.C. Art. 3005, under which a mandatary must restore to his principal things received by virtue of his procuration.
Moreover, as noted in Alliance, supra, had they so intended, the parties could easily have expressly provided that the agent would be due his commission even without consummation of the sale. Cf. Jourdan v. Jones, 33 So.2d 416 (Orleans App.1947), where the agent received a commission from the forfeited earnest money as the contract so stipulated. In the case at hand, the evidence clearly shows that Camper’s drafted the consignment contract. Hence, any close issue of interpretation would be resolved against appellant. LSA-C.C. Art. 2056; Ouachita Nat’l. Bk. in Monroe v. Williamson, 338 So.2d 172 (La.App. 2d Cir.1976).
Finally, despite pretermitting the cat-alogued complaints, we specifically note that our disposition obviates consideration of the evidentiary issues raised in assignments three and four. Those contentions, in each instance, concern defendant’s attempts to factually justify compensation for time and effort expended by its various salesmen. As stated above, the agreement between the parties simply does not entitle Camper’s to such remuneration. We again observe, however, that the trial court deducted from the recovery an amount for necessary repairs and improvements made to the mobile home, such expenses not being at issue in this appeal.
*679 CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are taxed against appellant.
AFFIRMED.

. SIC originally instituted the action against Robert Durante, d/b/a Camper’s R.V. World. A supplemental and amending petition later added the proper corporate entity, Dew Enterprises, Inc., d/b/a Camper’s R.V. World, as a party defendant. Plaintiff subsequently acquiesced in deleting Durante from the suit.