TATE, Judge.
Plaintiffs, the widow and the daughter of the late L. J. Pierce, appeal from dismissal of their petitory action claiming ownership of Lot 4 of Square 12 of the Pierce Addition to the Town of Golden Meadow in Lafourche Parish. The action was filed in October of 1952.
The uncontradicted facts show: L. J. Pierce acquired a tract including the lot in question in 1925. Defendant Griffin went into possession of said Lot 4 in March of 1936, with the consent of Pierce. Immediately afterwards, Griffin built his home thereupon, in which he has resided since that date. L. J. Pierce died in 1940. No conveyance of the property in question from L. J. Pierce or his surviving spouse and heir to defendant Griffin has ever been recorded.
Plaintiffs-appellants rely upon Articles 2275 and 2240 of the LSA-Civil Code, which provide that every transfer of immovable property must be in writing, and *192 that oral sales of such property are null, even as between the parties concerned (unless the vendor confesses the sale when under oath after actual delivery of the property thus sold).
Defendant Griffin claims there was a sale of Lot 4 in writing, relying upon the following evidence: An admittedly authentic receipt signed by both L. J. Pierce and defendant Griffin, dated February 22, 1936, showing that Pierce owed Griffin $100 which was to be paid upon a lot subsequently to be sold by Pierce to defendant; his own testimony, corroborated by that of Gustave Guidry who was present, that subsequently an oral agreement was reached between Pierce and the defendant that Pierce would sell defendant the lot in question for the balance of $100 due; and his own testimony that immediately thereafter Pierce pointed out the corners of Lot 4 to him, immediately following which he commenced building his residence thereupon, during which time Pierce prepared four wooden stakes, writing in Pierce’s own hand upon each of such stakes, the following :
“In 1936 this Lot 4 sold to Silas Griffin by L. J. Pierce.”
These stakes were placed at the four ■corners of the lot sold, which Griffin stated was 44' x 10CK in dimensions, thus omitting a S-foot strip along the canal to the south of Lot 4 as a passage for pedestrians. Malbrough, a carpenter working ■on the home at the time, corroborated Pierce’s testimony. Malbrough had furnished the pencil and the stakes upon which Pierce wrote, and further testified that although he could not read or write, he remembered very plainly Pierce reading from such stakes to the effect that he, Pierce, was selling the property so staked to defendant Griffin.
Able counsel for plaintiffs-appellants does not cite us to any authority that the writing required for a valid sale of immovable property must be upon paper or parchment. As between the parties, there does not seem to be any substantial reason why it should be sacramental that the writing must be upon such material, providing that the writing is adequately proved. That the writing in question was adequate, if sufficiently proved, to convey title as explained by the corroborative evidence, seems to be well established by the jurisprudence. Guice v. Mason, 156 La. 201, 100 So. 397, Saunders v. Bolden, 155 La. 136, 98 So. 867; cf. also Lemoine v. Lacour, 213 La. 109, 34 So.2d 392, and Walker v. Ferchaud, 210 La. 283, 26 So.2d 746.
The stakes themselves have been destroyed, to which we will advert below. While the weight of the parole evidence as to the writing of almost 20 years before raises a substantial question of credibility, we cannot say the District Court committed manifest error in accepting it, in view of the corroborative testimony of a disinterested person, and the strong corroborating circumstances of the delivery and possession, the construction of a home thereupon by the purchaser, and the unpro-tested possession thereof and residence thereon by the purchaser for the 18 years prior to the present suit.
Defendant Griffin testified that the reason the sale was not formally executed on paper was that it was deferred several times, and that Pierce died suddenly before completing execution of a copy to be recorded. (There were no lawyers in Golden Meadow at the time, and it was necessary to go to Thibodaux for such service.)
Pierce’s widow, the coplaintiff herein, testified that the sale had not been completed because defendant Griffin had not paid the balance of the purchase price, apparently referring to a system of operations whereby the formal sale was not executed and recorded until after the entire purchase price had been paid. She testified that her husband had several times requested payment of the balance from *193 Griffin, and she further testified that after her husband’s death in 1940, she went to defendant, and
“A. I asked Mr. Griffin if he wants to pay what he owed. He say that I am not going to pay you and nobody can make me get out of here. Better you go out of here and he was very dirty.
“Q. You asked him to pay for the lot or the rent? A. What he owed Mr. Pierce. He owed on the lot and on the house.
“Q. You mean what he owed on the lot? A. On the lot and house. There was only $100.00 deposit on the lot.” (Tr.p. 12.)
This testimony can be construed to being an admission under oath by the vendor’s successor that the verbal sale had indeed taken place as testified to by defendant, which is sufficient to convey title under Article 2275, LSA-C.C., although the defendant had never completed payment of the purchase price. (The pleadings simply requested recognition of plaintiffs’ ownership of the property, and we are therefore not concerned herein with the validity at this date of any claim by plaintiffs for any alleged balance due.)
Plaintiffs further urge that, even accepting that the written instrument conveying title has been adequately proven, parole evidence is only admissible to enforce its contents when said writing “has been lost or destroyed, by accident or force,” Article 2279.
Defendant Griffin testified that following construction of the house, he erected a fence along the lines shown by the stakes, in consequence thereof removing the stakes, which were subsequently burned along with the other debris remaining from the construction. Plaintiffs urge most ably that this intentional destruction is not such a destruction “by accident” as would satisfy the requirements of the codal article.
The codal article’s intent is to admit of proof of the contents of a writing conveying title when such writing has been unintentionally lost or destroyed. We do not think it means that the party relying thereupon is barred from proving the contents of such a writing thrown away or burned without realizing the effect of such action. The word “accident” in the codal article is used, in our opinion, as contradis-tinguished from knowingly and intentionally destroying what one knows to be instrument in writing upon which one relies to prove one’s rights. It should no more bar defendant’s proof of the lost writing herein than that of a person seeking to prove the contents of a deed which fell by mistake into a trash barrel, and which the person intentionally burned without knowing he was burning an instrument of title.
Plaintiffs finally urge that since defendant Griffin admitted that he bought only a lot of the dimensions of 44' x 10(7, and since Lot 4 per the plat of survey has the dimensions of 49' x 10(7, that the District Court judgment should be amended so as to recognize plaintiffs’ ownership of the remaining 5 feet of said lot. However, the evidence accepted by the District Court indicates that the entire Lot 4 was sold to defendant by Pierce, and the end of Lot 4 along Poche (Marshland) Street not included within the fence and the stakes was that reserved as a passageway or sidewalk for pedestrians along the ditch and street (Tr. 5, 10, 29, 30, 34, 52); and we believe like the District Court that although a servitude for public passage was reserved south of defendant’s fence line, that subject thereto title to the entire Lot 4 passed to defendant by the transaction in question.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed.
Affirmed.