CRAIN, Judge.
This is an appeal from a judgment of the trial court dismissing plaintiff/appellants’ suit in the 19th Judicial District Court seeking to have certain acts of cash sales can-celled, and to recognize plaintiffs as having a Vi5th interest each in and to a certain tract of land in East Baton Rouge Parish consisting of approximately 230 acres.
The background of this litigation, as stipulated to by, the parties, is as follows:
Andrew K. Bushman died on February 11, 1966, while a resident of the State of New York. Probate proceedings were started in that state on May 12, 1966. Andrew Bushman had been married to Ethel P. Lipscomb who predeceased him, having died on July 23, 1964. No children were born of that union. Mr. Bushman had no other children, nor had he ever adopted any children. Both of his parents had predeceased him. Mr. Bushman had one sister, Madeleine Bushman Meinecke, who died while living in Guatemala on December 7, 1963.
The plaintiffs herein are the children of Henry Bushman Baxter, Sr., who was an heir of the late Andrew K. Bushman who died on November 16, 1968, and of Jennie Baxter, who was also an heir of Andrew K. Bushman and who is also deceased.[1] Their successions have been opened and completed in East Baton Rouge Parish.
At the time of the death of Andrew K. Bushman, Nubia Meinecke de Lottman[2] claimed an interest in Bushman’s estate as the alleged adopted daughter of Bushman’s deceased sister, Madeleine Bushman Mei-necke. A compromise agreement was reached in New York State between all the heirs of Andrew K. Bushman and Nubia Meinecke de Lottman to settle her claim. The agreement is dated April 21, 1967, and all of the interested parties had signed the agreement and executed affidavits before notaries in the states where they signed by June of 1967. As evidenced by the compromise agreement, which is part of this record, Nubia Meinecke de Lottman compromised her rights to the estate of Andrew K. Bushman in return for an undivided one-half interest in the 230 acres located in East Baton Rouge Parish. In conjunction with the compromise agreement, acts of sale were executed by the heirs of Andrew K. Bushman, including acts of sale by Henry Bushman Baxter, Sr. and Jennie Baxter, conveying a total of an undivided one-half interest in the property in East Baton Rouge Parish to Nubia Meinecke de Lott-man, in return for which Mrs. de Lottman agreed not to assert any claim as heir to the estate of Andrew K. Bushman. These acts were executed on September 5, 1968. Under the terms of the compromise agreement, the acts of sale from the heirs of Andrew K. Bushman to Mrs. de Lottman were to be held in trust by the Schenectady Trust Company of New York until such time as Nubia Meinecke de Lottman paid her portion of the Federal and State taxes due on the succession of Andrew K. Bushman. Mrs. de Lottman did not sign the acts themselves, but she did sign the compromise agreement on May 9, 1967.
*1058 In June of 1978, an agreement was entered into between Mrs. de Lottman, the Schenectady Trust Company, the Baton Rouge, Louisiana law firm of Sanders, Downing, Kean and Cazedessus, and defendant L. Weill, Jr., whereby Mr. Weill was to purchase Mrs. de Lottman’s undivided one-half interest in the property in East Baton Rouge Parish. The firm of Sanders, Downing, Kean and Cazedessus was to act as escrow agent, to accept funds from the sale and to disburse the same. Out of these disbursements, the taxes were deducted from the sales proceeds and remitted to the Schenectady Trust Company. In accordance with the compromise agreement, the Schenectady Trust Company delivered the deeds to the firm of Sanders, Downing, Kean and Cazedessus, after which the succession of Andrew K. Bushman was completed, the deeds recorded, and the sale executed between Mrs. de Lottman and Mr. Weill. It is these deeds which the plaintiffs seek to have cancelled.
The plaintiffs contend that the trial court erred as follows: 1) in finding that it did not have jurisdiction to decide plaintiffs’ claims on the basis that it had no personal jurisdiction over Mrs. de Lottman; 2) in finding that it had no jurisdiction to interpret the 1968 compromise agreement; 3) in finding that no bona fide pre-existing dispute was necessary for the compromise agreement to be valid under Louisiana law; and 4) in characterizing the unexecuted cash sales as accepted, completed contracts rather than unaccepted offers which had expired due to the death of the offerors and/or the lapse of a reasonable time period.
The question of whether or not the Louisiana court has the authority to examine the New York compromise agreement is a question of conflicts of laws. The general rule is that Louisiana courts are required to accord full faith and credit to all judgments of sister states provided that the sister state had proper jurisdiction over the parties and the subject matter involved in the controversy. Swain v. Swain, 339 So.2d 453 (La.App. 1st Cir.1976). The Surrogate Court for the County of Schenectady, State of New York, adopted and ratified the compromise agreement. The New York court had jurisdiction over all of the parties since all parties submitted themselves personally to the jurisdiction of the New York Court. The subject matter was the estate of a resident of New York, which clearly is within that court’s subject matter jurisdiction. Thus, it is the finding of this court that the Louisiana courts are without authority to attack or annul the compromise agreement ratified by the New York courts.
The compromise agreement validates the acts of sale without any further action on the part of the vendee, Mrs. de Lottman, other than executing the compromise agreement. The completed sales were placed in trust simply to insure that Mrs. de Lottman paid her portion of the estate taxes. This is the effect of the validation of the compromise agreement by the New York court which is entitled to full faith and credit from this court.
Appellant cites paragraph 13 of the compromise agreement which provides in pertinent part as follows:
“13. That this agreement shall be construed and interpreted under the laws of the State of New York and any action ... relating to this agreement shall be maintained only in the Courts of the State of New York, except as to the ownership or status of immovable property or real estate when prohibited by the laws of the jurisdiction in which such immovable property or real estate is located, in which case, the laws of that jurisdiction will apply, but only insofar as the titular ownership or status of that immovable property or real estate is concerned (nothing in this exception shall be construed to modify or change in any way the intention of this settlement agreement insofar as distribution of the property is concerned).”
Giving full faith and credit to the compromise agreement, but assuming that we are required to apply Louisiana law to the acts of sale themselves, only for the purpose of dealing with appellants’ argument, it is still *1059 our finding that the acts of sale executed by the vendors, along with the compromise agreement executed by both vendors and vendees are valid acts of sale under Louisiana law.
In attacking the validity of the sales, appellants cite C.C. Art. 1810 which provides that if the offeror dies before the offer is accepted, neither party is bound, nor are the survivors. This must be read in conjunction with C.C. Art. 1811 which provides that assent to a contract can be express or implied. It is express when evidenced by written or spoken words. It is implied when it is manifested by actions. Mrs. de Lottman’s action in executing the compromise agreement was at least implied acceptance and more likely written acceptance of the alleged offer. In fact, in terms of offer and acceptance the dates would indicate that the compromise agreement was an offer by Mrs. de Lottman which was subsequently accepted by appellants by executing the acts of sale.
The acts of sale along with the compromise agreement meet all technicalities of our law with reference to transfer of immovable property. C.C. Arts. 2275 and 2440 provide sales shall be in writing, by authentic act or under private signature. Further, an act which is not authentic because of a defect in form is valid as a private writing if signed by the parties. C.C. Art. 2235. In Pierce v. Griffin, 95 So.2d 190 (La.App. 1st Cir.1957), there was a valid sale when the evidence of the sale was four stakes placed at the corners of a lot, which stakes contained the language,
“ ‘In 1936 this Lot 4 sold to Silas Griffin by L.J. Pierce’ ”.
Applying Louisiana law to the formal requirements of acts of sale, the acts herein, in addition to the compromise agreement, meet the requirements.
Giving full faith and credit to the compromise agreement, we will not go into the question of the basis for the compromise.
We will also assume our jurisdiction over Mrs. de Lottman even though she is not a resident of Louisiana under the well established rule that Louisiana courts have in rem jurisdiction to determine ownership interest in Louisiana property. Gulf South Research Institute v. Bramlet, 309 So.2d 409 (La.App. 3rd Cir.1970).
For the foregoing reasons, the judgment of the trial court is affirmed. The appellants to pay all costs.
AFFIRMED.

. The record does not reflect the date of Jennie Baxter’s death. However, it was prior to the recordation of the cash deeds which form the basis of this suit.

. Also known as Lottmann, and on occasion referred to as Delottmann.